WALTER I. COLE *vs.* HERBERT W. BARBER, Town Treasurer.

February 14, 1912.

PRESENT: Blodgett, Johnson, Parkhurst and Sweetland, JJ.

*(1)  Witnesses.  Mental Competency.*

As a man is presumed to be sane, until shown to be otherwise, the statement in a bill of particulars that the plaintiff was suffering from paranoia was not sufficient to establish his incompetency to testify.

*(2)  Municipal Corporations.  Actions.  Evidence.  Public Highways.*

The action of a town council upon a petition of citizens for repairs on a road can be shown in an action against the town as bearing upon the question whether the road was one over which the town had control and upon which it made repairs, the question of its being a public highway being in issue.

*(3)  Evidence.  Leading Questions.*

Exception will not lie to a leading question, its admission being in the discretion of the court.

*(4)  Negligence.  Last Clear Chance.*

Request to charge as to the "last clear chance" was properly refused, where the "last clear chance" plaintiff would have had to avoid the accident, would have been if he had known the hole was in the highway, to use due care in keeping out of it.  If he did not do this he would have been guilty of contributory negligence, and upon that question the jury had been correctly charged.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of defendant and overruled.

JOHNSON, J.  This is an action of trespass on the case for negligence brought by Walter I. Cole, of the town of Warwick, in the county of Kent and State of Rhode Island, against Herbert W. Barber, town treasurer of said town of Warwick, for personal injuries claimed to have been suffered

by the plaintiff by reason of the unsafe condition or want of repair of a certain public highway in said town of Warwick described by the plaintiff in his declaration as "the road leading from Pontiac to Old Warwick," on the first day of September, A. D. 1910. The plaintiff alleges in his declaration the duty of said town to keep said highway in a proper state of repair, so that said road would be safe and convenient for the plaintiff to travel thereon with his horse and wagon, and alleges that notwithstanding its said duty, said town carelessly and negligently permitted said road to become and to be out of repair and unsafe for travel at a point on the traveled portion of said road, about two and one-half feet south of the most northerly traveled portion thereof and about eighteen feet west of where said road intersects with a driveway leading north therefrom to the Budlong ice houses, in that a certain iron annealing pot, or similar vessel, which had been used as filling under said road at said point was permitted to become and remain partially uncovered and broken through in such a manner as to form and constitute a hole and a vise like trap for the wheel of the plaintiff's wagon; that said town had notice or but for want of reasonable care would have had notice of said defect, and that on to wit, the first day of September, 1910, at about four o'clock in the morning, he was riding along said road in his wagon drawn by his horse, and was in the exercise of due care, when the wheel of his said wagon suddenly sank into said hole, causing said wagon to tip or be thrown over and the plaintiff to be thrown to the ground; and causing the plaintiff's horse to trample and walk upon the plaintiff while he was prostrate upon the ground, by reason whereof he was injured, etc.

The case was tried in the Superior Court in Kent County, and on February 15, 1911, the jury returned a verdict for the plaintiff for three thousand five hundred dollars.

The defendant duly moved for a new trial on the grounds: That said verdict is contrary to law; to the evidence and the weight thereof; and that the damages are excessive.

The motion for a new trial was heard by the justice who presided at the trial, and on April 7, 1911, was denied. April 12, 1911, defendant excepted to the denial of said motion for a new trial, and filed notice of its intention to prosecute a bill of exceptions. The bill of exceptions and the transcript of testimony allowed by said justice were duly filed and the case is now before us on the defendant's bill of exceptions: (1) to certain rulings of the justice presiding at the trial admitting certain evidence as shown on pages 44, 49, 59, 71, 98 and 116 of the transcript of testimony: (2) to the decision of said justice denying defendant's motion that the court direct the jury to return a verdict for the defendant, as shown by said transcript at page 307: (3) to the refusal of said justice to charge the jury at said trial as requested by the defendant, as shown by the transcript: (4) to the decision of said court denying the defendant's motion for a new trial on the grounds set out in said motion.

Considering the exceptions designated "(1)" in the bill of exceptions, to the admission of testimony, the first exception under that head, page 44 of transcript, was to the question, "Now I will ask you if in the year 1878 your father was highway surveyor for the town of Warwick of that road running from the Greenwood bridge to Tustusket?" Defendant's counsel objected to the witness, who was the plaintiff, testifying until his competency had been shown. He stated to the court that in the bill of particulars filed by the plaintiff one of the injuries specified was paranoia, and that paranoia was "chronic insanity." The court allowed the question, and defendant's counsel excepted. The court asked if that was the only exception made, as to his competency. Counsel answered: "His mental competency and ability to understand the nature of an oath and so forth." We think the objection was properly overruled for the reason stated by the justice, that a man is presumed to be sane until shown to be otherwise. See *Mowry* v. *Saunders*, 33 R. I. 45, 52. We think that the mere statement in the bill of particulars that the plaintiff was suffering from paranoia

was not sufficient to establish his incompetency to testify. When this objection was again made to the plaintiff's testifying upon being recalled, the court said: "There is not a particle of evidence before the court as to the incompetency of this witness." MR. MURPHY: "It appears upon the record, Your Honor." THE COURT: "It doesn't appear upon the record so that the court can pass upon it. You will notice in the case of Hope T. Williams against Smith there was a deposition taken of a woman ninety years old and it was said then that deposition itself showed she was of unsound mind. That case was tried before me and I admitted the deposition for what it was worth." MR. MURPHY: "I noted Your Honor's ruling last night and I simply want to renew my objection at this time." THE COURT: "You don't admit that everything in that bill of particulars is proved by the mere filing of it and the mere claim here by the plaintiff doesn't establish the fact." In *Williams* v. *Smith*, 29 R. I. 562, 572, the court, speaking of the exception to the admission of the deposition above referred to by the justice, said: "The fifth objection is valueless. It was proper for the court in the absence of extrinsic evidence relating to the physical and mental capacity of the plaintiff at the time of giving her deposition, to permit the same to be read to the jury as testimony for them to weigh under suitable instructions."

The second exception to the admission of testimony, p. 49, was to the question, "Whether or not there is anything on the extreme northerly boundary and the extreme southerly boundary of that road to indicate the road?" This was objected to by counsel for defendant. The court asked, "What do you mean, the traveled portion of the road?" Counsel for plaintiff said: "No, Your Honor, I mean to show the road has a fence there, a fence on each side, and then I will show the entire width of it and then show the width of the traveled portion of it." THE COURT: "Then you wish to show whether it is enclosed in any way?" Counsel for plaintiff: "Exactly." THE COURT: "That

may be shown." An exception was taken. Then counsel for plaintiff reframed the question and asked, "Whether or not there is a fence on each side of the road at that point, or any portion of a fence?" To this question no objection was made. The exception is without merit.

As to the third exception to the admission of testimony, p. 59, the plaintiff's counsel offered in evidence a certified copy of a petition signed by certain people asking for repairs on a road running from Greenwood bridge to the so-called Tustusket Corner, having attached thereto certified copies of votes showing the action of the town council of Warwick upon the petition. Objection was made by defendant's counsel. In answer to the court's question as to the date of the petition, plaintiff's counsel stated that according to the town clerk's certificate it was April 2, 1909. Plaintiff's counsel stated that he offered it first and principally to show the acknowledged dominion of the town of Warwick over said road and the acknowledgment of the town of its obligation to keep said road in repair; and secondly, possibly to show notice to the town of the defective condition of that road. The paper was admitted and defendant's counsel excepted. We think the admission was proper. By statute, highways lying and being within the bounds of any town are required to be kept in repair and amended so that the same may be safe and convenient for travelers with their teams, (2) carts and carriages, at the proper charge and expense of such town, under the care and direction of the town council of such town. Gen. Laws, 1909, cap. 83, § 1. The action of the town council upon the petition of citizens for repairs on this road could be shown as bearing upon the question whether the road was one over which the town had control and upon which it made repairs, the question of its being a public highway being in issue.

(3) As to the fourth exception to the admission of testimony, page 71, the question was: "And I will ask you whether or not you know where the iron plates are located in that road?" Objection was made by defendant's counsel. The question

was allowed. If it was leading, which was the ground of objection, its admission was in the discretion of the court. The exception is without merit.

As to the fifth exception to the admission of testimony, page 98, the question was: "Do you know where a drain goes under that road that is formed by some iron plate?" The objection was that it was leading. The Justice said: "Well, it might be if this were the first time in this case he was directing attention to a drain, but it has been testified to by so many witnesses if doesn't seem to be worth while to approach each witness in the same way you did the first one. You have established the fact there is a drain there. That is a proper question. If you want to except you may." The ruling was correct.

The sixth exception to the admission of testimony, page 116, was a renewal, upon the plaintiff being recalled, of defendant's objection to his competency, on the same ground as in the first exception, and was properly overruled for the same reason.

The exception designated "(2)" in the bill of exceptions, to the decision of the Court denying defendant's motion for the direction of a verdict, will be considered in connection with the exception to the denial of defendant's motion for a new trial.

As to the exception designated "(3)" in the bill of exceptions, to the refusal of the justice to charge the jury as requested by defendant, there are six such requests:

"*First:* If the jury is satisfied from the evidence that the plaintiff had knowledge of the defect the verdict must be for the defendant.

"*Second:* If the jury find from the evidence that the plaintiff was not exercising ordinary care at the time of the accident—verdict should be for defendant.

"*Third:* If the jury find from the evidence that the plaintiff had opportunity for knowing the defect had not been repaired—verdict should be for the defendant.

"*Fourth:* If the jury find that plaintiff's own carelessness

was. the proximate cause of his injuries—verdict should be for defendant.

"*Fifth:* If the jury find that the plaintiff had the last clear chance to avoid the accident—verdict should be for defendant.

"*Sixth:* If the jury find that plaintiff was guilty of contributory negligence—verdict should be for the defendant."

(4) These requests are covered by the charge. . The fifth is the only one not covered in its terms. The court did not charge as to the last clear chance for the reason, doubtless, that there was nothing in the evidence requiring him to do so. The only "last clear chance" the plaintiff could have to avoid the accident would be, if he knew the hole was there, to use due care in keeping out of it. If he did not do this he would be guilty of contributory negligence, and upon that question the court had fully and correctly charged the jury.

We pass now to the consideration of the remaining exceptions. On the question whether the road on which the injury was sustained is a public highway, a great deal of evidence was introduced, including a copy of an original plat entitled "Warwick Four-Miles Common," adopted at a proprietor's meeting, April 20, 1729. Robert W. Greene, a civil engineer, identified a road laid out on this plat as the road running from Arnold's bridge to Wildes' Corners, and stated that the width of said road shown on said plat is four rods. The same witness testified that he had lived in Warwick forty years; that he had examined two books, previously introduced and identified by the town clerk, and had compiled from them a list of the surveyors who had had charge of the highway district in which the Pontiac-Old Warwick road, identified as the road upon which the accident in question occurred, is located, and that the list shows the names of the surveyors and the years that they surveyed and the number of the district as it was at different periods. The list was produced showing the surveyors from 1861 to 1910. Several of the highway surveyors shown on said list testified

as to their knowledge of the road in question, and as to attending to repairs on said road during their terms of office. One was surveyor from 1871 to 1889, except part of one year, and had been a resident of Warwick for forty-one or forty-two years. He testified that during the time he was highway surveyor the road in question was maintained and repaired by him as town surveyor; that one year he piked it up the whole length of the road from Greenwood Bridge to Wildes' Corners. There was testimony from old residents of the town, showing use of the road and its repair and maintenance by the town for at least forty years. Actual notice of the existence of said hole in said road was given to the surveyor of the highway district prior to the accident. A witness called by the defendant testified that he saw the hole in the road three or four weeks previous to the accident; that it was about twelve inches long and probably three or four inches wide at the top and went down to a small crack, probably half an inch or an inch wide; that he had noticed a bad place there for some time, probably a year; that this was a hole through one of the old annealing pots in the road; that it was at the edge of the north wheel rut; that he gave notice of said hole to the highway surveyor of the district about a month before the accident. The highway surveyor testified that he remembered a man speaking to him about the hole. He couldn't identify the man who told him, but he said some man told him there was a hole there; and that it was before he heard of the accident. The evidence as to the happening of the accident, as to the conduct of the plaintiff at the time, and as to the negligence of the defendant was sufficient to support the verdict as to the liability of the defendant. The motion to direct a verdict for the defendant was properly denied.

The jury found a verdict for the plaintiff. The justice who presided at the trial, and heard the testimony, in his rescript denying the defendant's motion for a new trial, said: "I am of the opinion that upon the evidence they (the jury) could properly find that the town was liable for

the plaintiff's injuries; and, if so liable, the amount awarded the plaintiff by the verdict is not so great as to impress the court as being unwarranted by the evidence or that the jury in reaching their verdict were influenced by passion or prejudice." We see no reason for reaching a different conclusion.

The defendant's exceptions are severally overruled .and the case is remitted to the Superior Court with direction to enter judgment upon the verdict.

*Quinn & Kernan*, for plaintiff.

*Lester T. Murphy*, for defendant.