DANIEL KITCHEN *vs.* PETER T. BARRETT.

JUNE 29, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of the case in assumpsit to recover money claimed by the plaintiff to have been advanced by him to the defendant. It was tried in the superior court to a jury which returned a verdict for the plaintiff for $135.31, the amount of the alleged loan, with interest. The trial justice denied the defendant's motion for a new trial and the defendant then prosecuted his bill of exceptions to this court.

The plaintiff declared on a promissory note which he contends was given him by the defendant when the transaction in question took place, and on the common counts, including in particular a count for money lent and advanced by him to the defendant. The only plea was the general issue.

Under the pleadings two issues are raised, first on the count on the note whether or not the note in suit is valid and unpaid; and second, on the common count whether or not the loan in question was actually made, and not repaid in whole or in part.

The plaintiff testified in substance that he had previously advanced to the defendant small sums which had always been repaid, and that, when the defendant on this occasion asked him for $125, to be used in the payment of taxes, he got that sum together and loaned it to the defendant a few days after being so requested. The plaintiff also gave evidence as to the time and place of the transaction and other details connected therewith, to the signing by the defendant of the demand note, when the money was transferred to him, and to requests made to the defendant for repayment. The plaintiff was corroborated by a witness who testified to seeing money pass from the plaintiff to the defendant, and to the signing of some paper by the

defendant, at approximately the time and under the conditions described by the plaintiff. The defendant denied unequivocally that he borrowed the money involved from the plaintiff, and indicated that he had not executed the note introduced in evidence by the plaintiff. This sharp conflict in the evidence raised questions of fact for the determination of the jury. The verdict returned by them was general, neither party making any requests for special findings.

The sustaining of objections to questions asked the plaintiff in cross-examination is the basis for the first and third exceptions. The answers to these questions, however, appear upon the record, and, as no attempt was made to strike such answers from the record, these exceptions are without merit. The second exception is to an order of the trial justice that certain testimony be stricken out. In cross-examination, the plaintiff, in answering a question as to whether he had always been on good terms with the defendant, gave an extended reply, not directly responsive, which involved matters relating to the affairs of a union to which both parties belonged. We find no error in the striking out, on the ground of its irrelevancy, of the latter portion of this answer. The matter raised under the defendant's fourth and sixth exceptions, in our judgment, is not material to the issues in this case and was properly excluded. The transaction in question between the plaintiff and the defendant was a purely personal one and had no connection with the business affairs of the union of which they both were members.

The fifth exception is to the refusal of the trial justice to permit a witness for the defendant to answer in direct examination a question as to whether or not he had a conversation with the plaintiff in which the latter stated in effect that he had no money. We find this ruling of the trial justice to be without error. As framed the question was leading, and the time of the alleged conversation was not definitely fixed with relation to December 3, 1931, the

time the plaintiff contended he made the loan now sued on. In any event, such a statement, if made, would not be sufficiently material, or have sufficient probative force, to be admissible on the question of whether the money involved was actually advanced. The defendant's contention that the evidence was admissible, as being in contradiction of testimony given by the plaintiff, the foundation having been laid, is not tenable, as contradiction on an immaterial issue is not permissible.

The defendant's seventh exception is to the action of the trial justice in excluding two papers which had been marked for identification by the defendant. The first was a letter dated December 1, 1931, from one Kearney, an officer of the union, to the plaintiff referring to certain affairs of the union and the plaintiff's connection therewith as business agent. This letter stated that a copy thereof had been sent to the finance committee. It is contended that the defendant was a member of this committee, and that fact apparently was his only connection with this letter. The other paper was a report of a committee of the union to Kearney, bearing date November 9, 1931. This report was signed by the defendant as a member of a committee which was appointed to investigate certain conduct of the plaintiff in connection with a death claim against the union. There is no evidence that the plaintiff ever saw this report. These papers do not appear to be relevant to any issue in the present case, and their exclusion by the trial justice we find to be without error.

The sustaining of an objection to a question asked the defendant in direct examination as to the feeling between himself and the plaintiff in November 1931 is the ground for the defendant's eighth exception. The time fixed in this question is vague in relation to the date of the alleged loan. However, immediately after this ruling, in a discussion between counsel and the court, the latter indicated that he would permit the defendant to show that, at the time the transaction in question was claimed to have taken place,

the feeling between the parties was not friendly, that they had some differences because of union affairs, but that he would not allow the witness to detail what such affairs were. Thereupon, the defendant testified that, because of differences over union affairs between the plaintiff and himself, he was not on friendly terms with the plaintiff on December 3, 1931. The defendant, therefore, takes nothing by this exception. Defendant's exceptions one to eight inclusive are overruled.

An examination of the transcript reveals that the defendant was not prejudiced by the trial court's ruling covered by the ninth exception, in sustaining an objection to a question put to the defendant, as such question was answered prior to the ruling and the answer was not removed from the record. The defendant also takes nothing by his tenth exception, the matter excluded by the trial justice not being material to the issues in the case. The defendant's eleventh exception is to the exclusion of certain testimony sought to be elicited from the defendant in direct examination. He offered to show that the note in evidence was not the same in appearance as that presented to him by one Cartier, or as the note introduced at the trial of this case in the district court. We find that the action of the trial justice in this connection is without error. The nature of the note in possession of Cartier in the fall of 1933, before the present action was begun, was not relevant to the issues before the jury in the case at bar. As a matter of fact, the defendant's attorney in cross-examining the plaintiff brought out that the note in Cartier's possession was a copy of the note now in evidence. This evidence was followed by testimony explaining why Cartier had a copy of the note. The defendant, therefore, was not prejudiced by the exclusion of the testimony in question. The note in evidence in the instant case was admitted without objection by the defendant. It conformed to the pleadings in the case which was on trial *de novo* in the superior court. There was no record of the trial in the district court and it was not ma-

terial at the trial in the superior court what evidence or what note was introduced in the district court. The duty of the court and jury herein was merely to pass on the evidence before them, and the plaintiff had to rest on the note he submitted at the trial in the superior court. The defendant's ninth, tenth and eleventh exceptions are overruled.

Defendant's exceptions twelve to fifteen, inclusive, raise one issue. The record shows that the defendant gave to the plaintiff no notice to prove the signature on the note in suit, in accordance with Rule 18 of the Rules of Practice of the superior court, which is as follows: "The signature of any party to an instrument in writing, where said instrument is counted upon as the cause or basis of the action, need not be proved to sustain the action unless a notice to prove the same accompany the plea or unless, upon motion and for cause shown before the cause is called for trial, it be otherwise ordered." This rule has been construed by this court. *Roberts* v. *White,* 32 R. I. 185; *Simonian* v. *Kazanjian,* 143 A. (R. I.) 611; and see *Millard* v. *Barton,* 13 R. I. 601; *Kirk* v. *Ball,* 45 R. I. 93. In the present proceeding the plaintiff made out a *prima facie* case by the introduction of the note. The defendant, however, apparently questioned the validity of the note. The plaintiff's objections to the defendant's inquiries along that line were sustained by the trial justice, and these rulings form the basis for the exceptions above referred to.

We find the action of the trial justice in this respect to be correct. Undoubtedly the defendant could have shown fraud in the inception of the note and defenses of a like nature, as between the parties, but as he had given the plaintiff no notice and the court had made no order under Rule 18, the defendant was not in a position to question the signature of the note. Exceptions twelve, thirteen and fourteen are to the exclusion of the following questions put to the defendant: Q. "Did you ever sign that note, or any other note, for Mr. Kitchen?" Q. "Does that look like

your signature?" Q. "If that is your signature was there ever anything on that to indicate that there was a promissory note at the time it was signed?" The defendant may have desired to show that although he had signed his name to some paper it was not to the note and that the plaintiff had practiced fraud in the matter. However, the above questions, upon which the court was called to rule, were not framed in such a manner as to bring that issue alone clearly before the jury. The questions improperly included, and left open for their consideration, the matter of whether or not the signature on the note in suit was the plaintiff's, an inquiry which was not before them for determination. Exception fifteen is to remarks of the trial justice made in the presence of the jury, as he discussed Rule 18 with counsel and gave reasons for his rulings. In our opinion, the remarks were not prejudicial to the defendant. They dealt chiefly with the matter of the signature on the note, and did not amount to a ruling that the defendant could not question the note itself. Exceptions twelve to fifteen inclusive are therefore overruled.

The defendant's seventeenth exception is not pressed. His eighteenth and nineteenth exceptions are to certain portions of the charge of the trial justice to the jury. We have examined the part of the charge embraced in the eighteenth exception, and find that the trial court correctly stated the law relevant to the record in the case and the facts as they appeared from the evidence introduced. The nineteenth exception is so general that we can give it no consideration. The defendant, therefore, takes nothing by these exceptions and they are overruled.

The sixteenth and the twentieth to twenty-third exceptions, inclusive, are to the refusal of the trial justice to charge as requested by the defendant. We are of the opinion that the second request to charge was properly refused by the trial court, as it erroneously set out the law applicable to the record in the instant case. The first and fourth requests to charge were likewise correctly refused, as the evi-

dence in the case did not require that the trial justice refer to the matters covered by such requests otherwise than he had done generally in his charge as given. The failure to grant the defendant's third request to charge is the foundation for the twenty-second exception. An examination of the charge reveals, however, that the matter included in this request was given to the jury correctly in substantially similar language. It is not error to refuse a particular request which has been embodied in the charge. *Havens* v. *Rhode Island Suburban Railway Company*, 26 R. I. 48; *Parenteau* v. *Parenteau*, 51 R. I. 263. The defendant's exceptions to the refusal to charge as requested by him are overruled.

The only remaining exception for consideration is to the denial by the trial justice of the defendant's motion for a new trial based on the usual grounds and also on the ground of newly discovered evidence. There is sufficient evidence in the case to support the jury's verdict, which has the approval of the trial justice. Both he and the jury, in passing upon the credibility of the witnesses, had the opportunity of observing them and hearing them testify. A decision of a trial justice approving a verdict, which is based on conflicting evidence, will not ordinarily be disturbed by us unless it appears to be clearly wrong. *Bourre* v. *The Texas Co.*, 51 R. I. 254; *Berarducci* v. *Sarcione*, 55 R. I. 398.

A consideration of the affidavits presented to the trial justice in support of the motion for a new trial on the ground of newly discovered evidence shows that they are insufficient to substantiate such a claim. The affidavits are made by the defendant and by his daughter. They set out certain information given them by one Cartier concerning the note or a copy thereof. The affidavit of Cartier himself is not filed and no satisfactory reason is given as to why it was not taken. Nothing is shown to explain why the evidence in question could not have been presented at the trial. Such evidence cannot properly be considered to

be newly discovered within the meaning given that term in our decisions. *Riley* v. *Shannon,* 19 R. I. 503; *Atlas Sheet Metal Works, Inc.* v. *Campbell,* 48 R. I. 160. In the instant case, we find the decision of the trial justice denying the defendant's motion for a new trial to be without error, and the defendant's exception to such action is overruled.

All of the defendant's exceptions are overruled and the case is remitted to the superior court for the entry of judgment on the verdict.

*Thomas L. Marcaccio,* for plaintiff.

*McKiernan, McElroy & Going, J. Howard McGrath,* for defendant.