## Thomas H. Morrison *vs.* Clarence R. Bitting.

### April 14, 1938.

Present: Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This is an action of assumpsit in which, after a trial in the superior court, a jury returned a verdict for the plaintiff for $5404.98. The defendant's motion for a new trial was denied by the trial justice and the defendant then prosecuted his bill of exceptions to this court.

The defendant is now relying on fifteen exceptions, having waived the others taken by him.   The exceptions now urged relate to certain rulings made by the trial justice during the trial, to his refusal to charge the jury as requested by the defendant and to the denial of the latter's motion for a new trial.

This case was brought by the plaintiff to recover a balance which he claimed was due him from the defendant by reason of certain work and labor performed and materials furnished by the plaintiff for the defendant on the latter's property in the town of Westerly, in pursuance of an agreement made by them.

The defendant does not dispute the making of such agreement concerning the work in question, neither does he question the quality of the plaintiff's work or that some money is due the latter.   The defendant, however, does contend that

he has been overcharged and improperly charged by the plaintiff in certain respects and that he is not entitled to the full amount claimed. The plaintiff, on the contrary, maintains that he performed his part of the agreement in question and that the charges made by him against the defendant were reasonable and proper.

The record in the case is voluminous and it is not necessary to refer to it in detail. From the evidence it appears that the plaintiff, who was a general contractor located in Westerly, had done work for the defendant over a period of several years prior to the incident leading up to the present action. As a matter of fact, the plaintiff had, to the apparent satisfaction of the defendant, constructed a residence, built roads and done landscaping and other work on a large estate owned by the defendant at Watch Hill.

In the fall of 1933 the plaintiff was consulted by the defendant with reference to the building of a potting house on the estate, to be used and connected with a greenhouse he intended to have erected. This greenhouse was to be finished and set up by another concern at a cost of $1300. For the work as originally figured on, which involved the construction of a one-story building, the plaintiff gave the defendant a rough estimate, apparently so recognized by both parties, of something over $4000. No detailed plans or specifications were prepared for the potting house, but its general size and design were agreed upon and after some changes its location on the property was definitely fixed. Generally speaking, the potting house, as finally planned, included an excavated, finished basement with heating for that building and for the greenhouse, above the basement a room with concrete floor and special bins, another room on the second floor to be used as a workshop, electric wiring, plumbing, a chimney, and a roof having four gables. The wall which connected this building with the greenhouse was to be of stone. Certain parts of the excavation were in soil which was very rocky.

In the latter part of October 1933 the plaintiff was authorized by the defendant to proceed with the work and did so. As it progressed certain changes were made by the defendant which increased the cost to some extent. In addition, the defendant ordered the plaintiff to do considerable other work, part of which was the construction of a vegetable cellar, building of a dog-run and two hotbeds, the painting of the defendant's residence and the doing of certain other work about the estate, all of which cost approximately $2000.

The evidence shows that all of the work above referred to was done by the plaintiff under an oral agreement made by the parties, in substance, that the plaintiff was to be paid by the defendant on the basis of the cost, plus ten percent for the plaintiff's supervision. This agreement also contemplated that the plaintiff should submit his bill to the defendant each month as the work went forward. This procedure was substantially followed. The plaintiff finished the work in June 1934.

Beginning with the month of December 1933, he rendered the defendant a bill each succeeding month to and including June 1934, with the exception of the month of March. On December 20, 1933 the defendant paid the plaintiff $4000 and on March 1, 1934, $3000, both on account. The total amount claimed by the plaintiff as set out in his bill of particulars amounted to $12,003.60. This sum covered the work above referred to and also an item of $396.83 for loam, plus ten per cent, allegedly furnished the defendant in the spring of 1933. In the instant case, therefore, the balance which the plaintiff under his bill of particulars claimed to be due was $5003.60, not including interest.

It also appears from the evidence that when the defendant made the payment of $3000 on account he wrote the plaintiff a letter stating, in substance, that further payments would be delayed, apparently, because of slowness in the progress of the work and the increased cost to date and ask-

ing for a detailed analysis from the plaintiff. Further correspondence followed and in the months of April and May, 1934 an employee of the defendant, who lived in Watch Hill only in the summer, came to Westerly to consult the plaintiff and check over his bills and accounts. Friction followed these visits, the plaintiff claiming that he had turned over to this employee substantially all his bills and accounts and the latter contending that the plaintiff had withheld necessary information. Thereafter the present case was instituted.

At the trial the defendant requested the trial justice to charge the jury as follows: "The plaintiff is entitled to recover the actual cost of the labor and material furnished by subcontractors, plus ten per cent, but is not entitled to ten per cent of the profit made by each of the subcontractors."

The trial justice charged as requested with the following modification: "Suppose under the agreement of the plaintiff and the defendant it was reasonable of the plaintiff to sublet a part of the work, then the plaintiff would be entitled to his compensation to the cost of that work plus the ten per cent. In other words, the plaintiff is not compelled to segregate the actual cost of the work and labor and materials furnished by a subcontractor from the profit which the subcontractor makes. That's the subcontractor's business. If the plaintiff under this contract, in a faithful and honest performance of his contract, did sublet a part of the work, and did obtain reasonable bids, and that the doing of the work in that manner could reasonably be expected under this contract which is the base of this suit, then the plaintiff would be entitled to the cost of that subcontract plus ten per cent. On the other hand, if the plaintiff could have more cheaply performed the work himself, could have done it as well as a subcontractor, at a smaller price, but chose to give the profit to the subcontractor, then, of course, the plaintiff would not be entitled to a ten per cent on such sum."

The refusal of the trial justice to charge as requested without modification is the ground of the defendant's thirty-eighth exception.

The defendant has called to our attention certain cases which he contends support his claim that his above request to charge contains a correct statement of the law applicable to the facts herein. Such cases, however, differ materially on their facts from the instant case and are, therefore, not controlling here. In several of them the question was regulated by the terms of written contracts entered into by the parties, and in others the plaintiff sought to charge a percentage upon the cost of labor and materials which he had not furnished or contracted for or procured to be furnished.

We are of the opinion, on the record in this case, that the trial justice did not err in refusing to charge the jury on the issue in question in the exact language requested by the defendant. The agreement in the present case was oral. Its details were not carefully and fully stated. The defendant himself testified that payment was to be "on a cost-plus basis." The plaintiff was a general contractor in a locality of moderate size. From the evidence it tends to appear that it was reasonably expected and contemplated by the parties that certain work of a specialized nature such as heating, plumbing, wiring, and the like, would have to be done for him by subcontractors. Further, the evidence shows that for several years previous to the work under consideration herein the plaintiff had performed services for the defendant under an arrangement similar to that proved in the instant case. As to this previous work the custom and course of conduct of the parties had been for the plaintiff to bill the defendant for the amount of such subcontracts as had been made, plus ten per cent for plaintiff's time and supervision, and the propriety of such charges had not been disputed by the defendant.

In the present case the bills were submitted upon that basis, payments on account had been made and no question

on this issue was raised by the defendant until the present action was brought. The plaintiff had never before been required to break down subcontractor's figures in the manner now requested by the defendant. Under such circumstances, the plaintiff was entitled to have the jury pass upon the meaning and intent of the parties in relation to their agreement and the defendant's request to charge had the effect of removing that question from the jury's consideration. The defendant's thirty-eighth exception is overruled.

Defendant's exceptions eight to eighteen, inclusive, all deal with the same general subject. When the plaintiff was on the witness stand, the defendant's attorney in cross-examination asked the witness what parts of the contracts he had made with certain subcontractors were for labor, for materials, and for subcontractors' profits. The plaintiff's objections to these questions were sustained by the trial justice and these rulings are the basis of the above exceptions.

The subcontracts referred to amounted to approximately $1850. The information sought by the above questions would ordinarily be within the knowledge of the subcontractors, who presumably figured on the subcontracts, rather than within the knowledge of the plaintiff. The latter was not asked if he could answer the above questions and it does not appear from the record that he knew how to divide the subcontractors' bills into the classification desired by the defendant. None of the subcontractors were called as witnesses by the defendant, neither did he make any offer of proof in this connection.

However, in further support of these exceptions the defendant argued that the rulings of the trial court, excluding the evidence sought to be admitted, had the effect of keeping from the jury facts necessary to enable them to properly apply the law given them by the trial justice in the portion of his charge to which we have already referred.

We do not find that the rulings complained of by the defendant had this result. There was ample evidence in the

case from an expert witness produced by the plaintiff and from two expert witnesses offered by the defendant in relation to the cost of the work performed by the subcontractors. The general effect of this evidence, including that from the defendant's witnesses, was that the subcontractors' figures for doing such work were reasonable and were in several instances lower than the estimates given by the expert witnesses.

On this condition of the record, and having in mind that the trial justice, in charging the jury on the issue in question, in general followed the plaintiff's and not the defendant's theory in relation to the allowance of ten per cent on subcontractors' bills, and that in this connection the jury's finding on the facts was obviously favorable to the plaintiff, it is clear that the above evidence sought to be introduced by the defendant became immaterial. We are of the opinion that the rulings of the trial justice covered by defendant's exceptions eight to eighteen, inclusive, are without error and said exceptions are overruled.

The defendant also requested the trial justice to charge the jury as follows: "There was an obligation on the part of the plaintiff to do the work at a reasonable cost."

The failure of the trial justice to grant this request is the basis of defendant's thirty-seventh exception. In our judgment the request to charge in question might well have been granted. An examination of the charge as a whole, however, reveals that the trial justice substantially covered the matter contained in the defendant's request, although in somewhat different language. It is well settled that the trial justice is not obliged to charge the jury in the exact language requested by a party. *Young* v. *Young*, 56 R. I. 401; *Kitchen* v. *Barrett*, 192 A. 809 (R. I.). The defendant, therefore, takes nothing by his thirty-seventh exception.

The defendant complains in his twenty-eighth exception that the trial justice abused his discretion by improperly limiting the defendant's cross-examination of the plaintiff.

The record in this connection reveals the following state of facts.

After the plaintiff had been cross-examined for almost three full days the trial justice, in the absence of the jury, asked defendant's attorney how much more time he required to complete his cross-examination. The latter stated that he could not tell and, in answer to a further question from the court, said that he felt that he should not be compelled to disclose the subjects of his further cross-examination. The trial justice then indicated that he felt that defendant's attorney had been allowed sufficient time to inquire into plaintiff's direct testimony, which had been brief. Thereupon the cross-examination continued for a time and about 2:25 p. m. the trial justice told the defendant's attorney "to plan to conclude his examination not later than 3 o'clock." At 2:45 p. m., the defendant's attorney voluntarily stopped his cross-examination of the plaintiff, stating in substance that the further cross-examination he had in mind would extend well beyond 3:00 p. m., and that he proposed to examine the witness upon the bill of particulars, which was lengthy, item by item, as to different phases of the work. The trial justice, upon this representation, then made the following statement: "Unless counsel has some pertinent question which counsel cares to put to the witness, the court will rule that the cross-examination is terminated . . . ." The defendant's attorney made no offer to examine the witness further.

It has been held that the extent of cross-examination must rest within the sound discretion of the trial court. *Schafer* v. *Thurston Mfg. Co.,* 48 R. I. 244; *Glass Corp.* v. *Aron & Son,* 147 A. 667 (R. I.).

An examination of the record in the present case leads us to the conclusion that the trial justice by his ruling on the point under consideration did not clearly abuse his discretion and did not commit error. The plaintiff had already been cross-examined at great length. He had previously been examined by the defendant's attorney as to many of the mat-

ters referred to by him in his discussion with the trial justice. The defendant's attorney voluntarily stopped the cross-examination, and the trial justice did not finally make his ruling until he had given the defendant's attorney an opportunity of putting pertinent questions to the witness. In view of all the circumstances appearing on the record, we are of the opinion that the defendant's twenty-eighth exception should be overruled.

The defendant's remaining exception (his thirty-ninth) is to the refusal of the trial justice to grant the defendant's motion for a new trial, based on the usual grounds. The most serious contention made by the defendant in this connection is that the verdict of the jury is excessive. The particular portions of the plaintiff's claim to which the defendant especially objected were the item for loam, certain items on which the defendant contended he had been overcharged to the amount of at least $150, and the charge of ten per cent on subcontractors' bills and interest.

The correctness of these items, except that last mentioned, was properly left by the trial justice for the determination of the jury on the evidence submitted by the parties. The verdict has been approved by the trial justice, who in passing upon the credibility of the witnesses, has had the advantage of seeing and hearing them testify. As to the matter of interest, the trial justice specifically charged that the plaintiff was not entitled to recover for the claim of $100 carried in his bill of particulars as an expenditure for compensation and liability insurance. This reduced the plaintiff's claim to $4903.60. The remainder of the jury's verdict must, therefore, represent interest. Under the charge of the trial justice, the jury were permitted considerable latitude in fixing the time, under the evidence submitted, from which they could begin to compute interest. This portion of the charge was not excepted to and thus is the law of this case. Under these circumstances a consideration of the amount of interest al-

 335

lowed by the jury does not reveal that said amount is excessive.

On the entire record, therefore, we cannot say that the refusal of the trial justice to grant the defendant's motion for a new trial was clearly erroneous and his exception to such ruling is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the verdict.

*William S. Flynn*, for plaintiff.

*John Ferguson, Henry M. Boss*, for defendant.