223 A.2d 444.
STATE *vs.* FRANCIS E. REID.

NOVEMBER 4, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

JOSLIN, J. On this complaint and warrant charging a violation of the statute making it a criminal offense to

operate a motor vehicle on a highway recklessly so as to endanger the lives or safety of the public, the defendant was tried before a justice of the superior court sitting with a jury and was found guilty. The case was argued to us on the defendant's exceptions to the denial of his motion for a directed verdict and to portions of the charge to the jury.

The material facts are that an automobile driven by defendant left the traveled portion of a macadamized public highway, ran along and over an approximately ten-foot-high abutting embankment, and then went through a wooded field. Before finally coming to a stop it uprooted a tree the trunk of which was about ten inches in diameter. There were neither sidewalks nor guardrails along the side of the highway. The vehicle when observed after the accident was badly damaged, had apparently turned over twice, and was resting on its roof more than 300 feet distant from the point where it left the highway.

There were no eyewitnesses and defendant did not testify. However, the investigating police officers who questioned defendant after the accident quoted him in their testimony as saying that he was proceeding at a speed of about thirty miles an hour and that, as he came to a curve in the road, he lost control of his automobile when blinded by the lights of an oncoming vehicle. There was also testimony that the odor of liquor was detected on defendant's breath and that he admitted to having consumed "seven or eight beers" and "a couple [of] shots of whiskey" prior to the accident while at a cafe with some friends.

The decisive issue is whether the trial justice, who instructed the jury that they could return a guilty verdict only if they found that defendant at the time of the accident was operating in disregard of the laws regulating the use of motor vehicles, committed prejudicial error when as he continued with his charge he said:

> "Now, one law in question of which there is some
> evidence describes it as unlawful for any person who

is under the influence of intoxicating liquor to drive a car within this State. If you find from the evidence that at the time and place in question the defendant Reid while driving that car was under the influence of liquor — in other words, if he had consumed enough alcoholic beverages so that his manner of driving was influenced by the alcohol he had imbibed, then you have got to find he had violated this provision and if you do find that he has violated this provision, you can find him guilty of reckless driving."

The defendant contends that the foregoing instruction in effect constituted a direction to the jury to convict if they believed that he was driving while under the influence of liquor. Citing State v. Scofield, 87 R. I. 78, he argues that it was prejudicial error for the trial justice to instruct the jury that the one was equatable with the other.

In Scofield[1] the jury were instructed that they might consider a finding that the accused was operating while under the influence of liquor "as proof of reckless driving." We held that the use of the word "proof" made the instruction faulty. This would not have been so, we said, if the trial justice had substituted the word "evidence" for the word "proof" thereby clearly informing the jurors that any testimony that the accused had been drinking would be but one circumstance to be weighed by them along with all the other facts in the case in their deliberations.

Although we faulted the instruction in Scofield, we excused it as nonprejudicial since the record contained such an abundance of other credible evidence of guilt that it demonstrated conclusively that the jury's verdict could not reasonably have resulted from the faulty instruction. The

---

[1] The complete instruction was:
"There is another statute which forbids the operation of a motor vehicle on a highway while the operator is under the influence of liquor. If you find that this vehicle was operated by this defendant upon that highway while he was under the influence of liquor, then you may consider that as *proof* of reckless driving." (italics supplied)

record here, however, is different because it does not contain any such abundance of other credible evidence pointing unerringly to defendant's guilt. Consequently, the faulty instruction cannot be condoned.

The state, apparently recognizing both that the quoted portion of the charge standing alone could reasonably have misled and confused the jury and that the fault is not excusable on *Scofield* reasoning, argues nonetheless that the error becomes harmless if the instruction is examined in context and as a part of the whole, rather than in isolation and extracted from the remainder of the charge. Construed in that sense it is clear, the state urges, that the trial justice charged that defendant's drinking was but one factor which was to be considered along with all the other evidence in the case in their determination of whether his conduct amounted to reckless driving.

That contention has validity only if we test the correctness of the instruction by deciding how we, as a reviewing court, would construe it after reading and rereading what appears on the printed page. The standard we apply, however, is not how we would construe the charge, but how it would be interpreted by a jury composed of ordinarily intelligent lay persons listening to it at the close of the trial. *State* v. *Ellrich,* 10 N.J. 146, 153; *Government Employees Insurance Co.* v. *Davis,* 266 F.2d 760, 765; *Smith* v. *Stanolind Pipe Line Co.,* 354 Mo. 250, 264; *Roberts* v. *McClellan,* 80 Ga. App. 199, 205. Judged by that standard we are satisfied that the jury having heard the charge but once could reasonably have been misled into believing that a finding by them that defendant was operating under the influence of intoxicants when he ran off the road necessitated a conviction on the charge of reckless driving. Because this was prejudicial error, defendant is entitled to a new trial.

In arguing his exceptions to another portion of the charge and to the denial of his motion for a directed verdict de-

fendant raises the question of whether evidence that he was driving so as to endanger *his own* life or safety makes out a case of driving so as to endanger the lives or safety of the *public.* We do not reach that issue, not only because what we have already said is dispositive of the case, but for the additional reason that if this jury, otherwise properly instructed, had decided from the evidence that defendant was driving so as to endanger *his own* life or safety, they would necessarily have had to conclude that the life or safety of a member of the *public,* viz., the driver of the oncoming vehicle the lights of which blinded the defendant, was also being endangered.

The defendant's exceptions which were neither briefed nor argued are deemed waived, those to a portion of the charge to the jury and to the denial of his motion for a directed verdict are not reached, and that to another portion of the charge is sustained. The case is remitted to the superior court for a new trial.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Francis A. Kelleher,* for defendant.