224 A.2d 603.

STATE *vs.* ALBERT C. SLINEY, JR.
SAME *vs.* ALBERT C. SLINEY.

DECEMBER 1, 1966.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. These two complaints resulted from the

same incident and were subsequently tried together before a justice of the superior court and a jury. The defendant was convicted of operating a motor vehicle after his license to drive had been suspended in violation of G. L. 1956, §31-11-18, as amended, and with driving and using a vehicle without the consent of the owner and with intent to deprive the owner temporarily of possession of his vehicle in violation of G. L. 1956, §31-9-1. After the denial of his motions for a new trial the defendant prosecuted his bills of exceptions to this court.

Since the issues are the same in each case, we shall treat them as though we were considering only one case but our decision shall apply equally to both. We note also that we shall consider only the two exceptions which defendant has briefed and argued. His other exceptions, being neither briefed nor argued, are deemed to be waived. *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269, 197 A.2d 305.

Under exception 10 defendant argues that the admission in evidence of certain oral statements made by him violated his constitutional rights because he was not advised of his right to remain silent and of his right to counsel. He relies on the decisions in *State* v. *Mendes*, 99 R. I. 606, 210 A.2d 50, and *Escobedo* v. *Illinois*, 378 U. S. 478. The instant case was tried before our decision in *Mendes* and prior to the decision in *Miranda* v. *Arizona*, 384 U. S. 436. Assuming without deciding that the challenged statements come within the purview of *Mendes* and *Escobedo*, in view of our decision in *State* v. *Gannites*, 101 R. I. 216, 221 A.2d 620, which was filed shortly after the decision in *Johnson* v. *New Jersey*, 384 U. S. 719, *Mendes* and *Escobedo* are not applicable. Exception 10 is overruled.

The question squarely presented here under defendant's exception 8 is whether there is prejudicial error in that portion of the trial justice's charge where he stated: "The oath that a person takes in the courtroom is no better than the

person who takes the oath * * *." We shall direct our attention only to those portions of the record which relate to this question.

The defendant, who testified in his own defense, denied the charges. His testimony was corroborated by that of his brother, George C. Sliney. The prosecution introduced evidence of prior offenses by defendant and his brother in order to impeach their testimony. Both were questioned by the prosecution about their prior records.

In charging the jury with respect to the question of the purpose for admitting evidence of a criminal record the trial justice gave the following instructions:

"Now, when the defendant takes the stand as I say he can be cross examined as any other witness can and also the prosecutor on cross examination can ask the defendant about incidents in his past as to his record. That is permitted under a section of our General Laws which reads as follows: 'No person shall be determined [deemed] an incompetent witness because of his convictions of any crime or sentenced to imprisonment therefor, but shall be admitted to testify like any other witness except that convictions or sentence for any crime or misdemeanor may be shown to affect his credibility.' It's permitted under the law so that the jury can decide on the bases [sic] of what they hear whether this is the man that they wish to believe. That's the only purpose for which a criminal record is admitted. Remember this that during the course of this trial there were several witnesses who testified. There was the representative of the Warwick Nurseries who was the owner of the truck; there were two police officers, Officer Allen and Officer Brady, who testified for the State and for the defendant there was the defendant himself and his brother and John McDermott and remember that every witness who took the stand here raised his right hand and swore that he would tell the truth. The oath that a person takes in the courtroom is no better than the person who takes

the oath, and it's up to you to determine from all of the evidence as you heard it where the truth lies."

The trial justice did not utter the challenged statement in a vacuum. We must read it in the context of the charge as a whole and more especially in the context of the particular portion of the charge in which it was made. The statement appears in the same portion of the charge in which references to defendant's criminal record and the effect thereof on his credibility appear. The defendant argues in substance that in the context in which it was given the statement was uncomplimentary to him and his brother and that the impact of the trial justice's language was such as to mislead the jury into the erroneous belief that any person who has a criminal record is not to be believed even though he is under oath.

If the challenged statement is such that in the context in which it was made it would reasonably convey to "a jury composed of ordinarily intelligent lay persons listening to it at the close of the trial," *State v. Reid*, 101 R. I. 363, 223 A.2d 444, the meaning attributed to it by defendant, it is clearly prejudicial. It is the right and often the duty of the trial justice, in the exercise of his discretion, to point out to the jury not only the issues but also the testimony and other evidence bearing upon the issues. *State v. Gallogly*, 47 R. I. 483, 486. But this court has held in an unbroken line of cases, both civil and criminal, he should always be exceedingly careful not to deprive either party of a fair trial by either consciously or unconsciously conveying to the jury his impression of the proper weight to be given to any of the testimony. *State v. Harris*, 89 R. I. 202; *State v. Gallogly, supra*. As the court said in *Harris, supra*, at page 209, "he must use caution to be completely impartial during the course of such comment."

After reminding the jury that several witnesses had testified and referring to each of the witnesses, he also reminded the jury that every witness had "raised his right hand

and swore that he would tell the truth." He then said: "The oath that a person takes in the courtroom is no better than the person who takes the oath * * *." What meaning did this statement convey to the jury? The state argues that the fair import of this statement is that the mere taking of an oath to tell the truth does not guarantee that the witness, in testifying, will necessarily adhere to that oath. We do not agree with the state's interpretation.

It is our opinion that, in the context in which the statement was made, "a jury composed of ordinarily intelligent lay persons listening to it at the close of the trial" could reasonably have been misled into believing that any person who has a criminal record is not to be believed even though he is under oath. This violates the test laid down in *State* v. *Reid, supra,* and was, therefore, prejudicial error.

The error was not cured by the fact that the trial justice concluded this portion of the instructions by saying "and it's up to you to determine from all of the evidence as you heard it where the truth lies." As the court said in *Harris, supra,* at page 208: "The prejudicial effect of a basic error of this kind is not removed merely by a correct statement of the law elsewhere in the charge."

In each case the defendant's exception numbered 8 is sustained, and each case is remitted to the superior court for a new trial.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant Attorney General, for State.

*Leo Patrick McGowan,* Public Defender, *Paul E. Kelley,* Assistant Public Defender, for defendant.