293 A.2d 311.

STATE *vs*. ROBERT K. BRUYERE.

JULY 26, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an indictment charging the defendant, Robert K. Bruyere, with rape. The defendant was tried on this indictment before a justice of the Superior Court sitting with a jury and was found guilty as charged. His motion for a new trial was subsequently denied and sentence imposed. The defendant is now prosecuting a bill of exceptions in this court.

According to evidence adduced through the prosecutrix, she had attended a party in the city of Warwick on September 5, 1969, and later in the evening was walking along a beach with a male escort. She testified that she was approached by a large group of young men, who seized her, threw her to the ground, and several of them held her while other members of the group sexually assaulted her. She testified that defendant was one of those who did so.

The defendant in this court argues that the trial justice was prejudiced against him to such a degree as to make it impossible for him to have a fair and impartial trial. How-

ever, defendant's contention, as we understand it, is directed to certain language which the trial justice used in charging the jury. This, then, in our opinion, confronts us with the issue of whether the language of the charge to which defendant directs our attention constituted an invasion of the jury's exclusive right to pass upon the credibility of the witnesses and the weight of the evidence.

It is settled that when a trial justice, in charging a jury, expresses an opinion in which he singles out and derogates from the credibility of a witness or witnesses or when his language conveys to a jury his impression of the weight that should be given to the testimony of any witness, he invades the province of the jury and is guilty of reversible error. *State* v. *Hull*, 106 R. I. 285, 258 A.2d 791 (1969); *State* v. *Goff*, 107 R. I. 331, 267 A.2d 686 (1970).

The test of whether an instruction invaded the province of the jury is well established. We examine the challenged instruction given by the trial justice for the purpose of determining how it would have been understood by an ordinarily intelligent lay person and not as we, as a reviewing court, read the challenged instruction from the printed page. The test is how the ordinarily intelligent lay person sitting in the jury box would have understood it as he listened to it within the context of the charge as a whole given at the close of the trial. *State* v. *Sliney*, 101 R. I. 423, 224 A.2d 603 (1966); *State* v. *Goff*, *supra*.

We turn, then, to the portion of the charge challenged by defendant as constituting prejudicial error. In our opinion, the pertinent portion of the charge begins with the trial justice's statement that ordinarily testimony given under oath in a court is accepted by intelligent people as true "* * * because ordinarily witnesses testifying under oath, don't perjure themselves, don't testify untruthfully." He went on to note that some people have a "strict sense of justice" and would not tell a lie under any circumstances. Others don't

have such a keen sense of justice, but the penalties of perjury compel them to adhere to the truth. "Sometimes, however, unfortunately, testimony given this Court and lots of other courts, is not true. People just come in here and willfully perjure themselves; stretch the truth, or maximize testimony they believed that would help the side they favor, or minimize testimony that they believe will help the other side. Sometimes people don't tell the truth because they have an interest in the outcome of the case."

The trial justice then, immediately following this reference·to people perjuring themselves, went on to say: "Now, the defendant here has an obvious interest in the outcome of the case, if he's convicted, he faces a jail sentence. All the others who took part in that rape, if they did take part, know that they likewise face a jail sentence."

Given ordinary circumstances, it could be reasonably assumed that the charge relating to credibility given by the court would not mislead a juror into accepting it as reflecting the opinion of the court as to the credibility of defendant and others and the weight to be given to their testimony. However, it must be remembered that in even ordinary criminal cases a judge instructing a jury, particularly in the areas of credibility and weight, is walking a "tightrope" and is required to use extreme care to avoid depriving a defendant, either consciously or unconsciously, of a fair trial by leading it to believe that he either discredits a witness or belittles the weight of his testimony.

However, we cannot overlook the fact that the offense for which defendant was being tried is obviously not an ordinary run-of-the-mill crime. To most normal people, and we assume that jurors are normal people, the crime with which he was charged is abhorrent and detestable. Ordinary, reasonable people will assume a crime of such a brutal character can be committed only by a person of depraved mind, utterly lacking in moral integrity.

In other words, it is our opinion that in all the circumstances of this case, the repulsive nature of the attack upon the prosecutrix and the circumstances under which it occurred must reasonably be held to tend to predispose people of ordinary intelligence to have serious doubts concerning the hesitancy of such a defendant to perjure himself despite the taking of an oath. In the face of such a predisposition to question the moral integrity of defendant and some of his witnesses, we cannot escape concluding that the instruction of the trial justice could be reasonably presumed to persuade the jury that in the court's opinion these persons were not telling the truth and that their testimony was entitled to little or no weight. *State* v. *Sliney, supra.*

In all the circumstances, conceding the difficult position that the trial justice was in, along with the entirely reasonable assumption of a predisposition of the jurors to respond to any suggestion questioning the credibility of the defendant, it is our opinion that the interests of justice will be best served if a new trial is ordered.

The defendant's exception to the charge of the court to the jury is sustained, and the case is remitted to the Superior Court for a new trial.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Henry Gemma, Jr.,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *John P. Toscano, Jr.,* Asst. Public Defender, for defendant.