## Mack Purdy v. The State.

### No. 3493.   Decided October 10, 1906.

**1.—Assault With Intent to Murder—Indictment—Abbreviations.**

The use of well understood abbreviations does not render an indictment defective; and where an indictment for assault with intent to murder alleged that the offense was committed on the 17th day of ".Aug." for August, the motion to quash was properly overruled.

**2.—Same—Same Transaction—Husband and Wife—Evidence—Former Jeopardy.**

Where upon trial for assault with intent to murder the evidence showed that the assault was upon the wife of defendant and continued for the space of several minutes, and the transaction was such that if defendant had been prosecuted for two separate and distinct assaults, and convicted under one, he could have pleaded former jeopardy to the other, the same was but one transaction. There was no error in permitting the wife to testify against her husband, the injuries being inflicted upon her by him.

**3.—Same—Argument of Counsel—Discrediting Witness.**

Upon trial of assault with intent to murder, where the evidence showed that defendant had been charged with various felonies, fornication and disturbing the peace, and that he was 31 years of age, there was no error in the State counsel's comment that defendant was steeped in crime for 31 years; besides defendant asked no charge that the jury should disregard the argument.

**4.—Same—Defendant's Declarations—Arrest.**

Upon trial for assault with intent to murder, there was no error in admitting in evidence the declaration of defendant to the officers before he was arrested, to the effect that he cut the prosecutrix and tried to kill her.

**5.—Same—Continuance—Immateriality of Testimony—Not Probably True.**

Where upon trial for assault with intent to murder, the testimony of the absent witnesses as set out in the motion for continuance, was not material and not probably true in the light of the record, there was no error in refusing the motion to continue.

Appeal from the District Court of Cooke. Tried below before the Hon. D. E. Barrett.

Appeal from a conviction of assault with intent to murder; penalty, five years imprisonment in the penitentiary.

Prosecutrix testified that defendant grabbed hold of her arm and took her into another room, jerking her around, and said, "Yes, Miss Bitch, I have come, I have come to kill you, and you are not going

to stay here and make any money in this town." After a few more words between them, defendant hit her and then took a razor out of his hip pocket and cut her; that the prosecutrix ran down the street and defendant ran after her, and caught her, repeating the same language, grabbing her by the hair and tearing her switch off and cutting her in the face; that the razor broke and defendant said he was going to cut her with his knife and kill her; that defendant opened his knife, when prosecutrix jumped across a ditch, and defendant in trying to jump after her, fell into it; and prosecutrix ran away and locked herself up in a room; defendant still pursuing her but not finding her.

Defendant testified that prosecutrix started for the razor, and that he grabbed her hand, and in the scuffle she was cut; that he did not have any razor, that she had it; that they were both drinking, etc.

*Smith & Wall,* and *Culp & Giddings,* for apepllant.—On question of abbreviation: Eubanks v. State, 41 Texas, 291.

The wife is an incompetent witness in a case against the husband except as to the facts of an offense committed against her. The wife is incompetent to testify against her husband as to declarations made by him. Roach v. State, 41 Texas, 261; Brock v. State, 71 S. W. Rep., 21; Stiles v. State, 68 S. W. Rep., 994.

*J. E. Yantis,* Assistant Attorney-General, and *R. E. Thomason,* for the State.

The wife is always a competent witness against the husband to prove assault by him against her, and any statements made by him at and during the time of the assault is admissible as res gestæ. Matthews v. State, 32 Texas, 120; Dill v. State, 1 Texas Crim. App., 282; Morrell v. State, 5 Texas Crim. App., 448; Daffin v. State, 11 Texas Crim. App., 78; Bramlette v. State, 21 Texas Crim. App., 611. The facts of his crime were in evidence and the prosecuting attorney had the right to comment upon the same. Witherspoon v. State, 44 S. W. Rep., 164; Leonard v. State, 20 Texas Crim. App., 442; Ray v. State, 33 S. W. Rep., 869.

There was no arrest of appellant nor any intention of arrest, the testimony of Turner and Cobble both show, until after Purdy's statement saying he cut her and meant to kill her. Ex parte Sherwood, 15 S. W. Rep., 812; Lynch v. State, 57 S. W. Rep., 1130; art. 250, Code Crim. Proc.; 2 Am. and Eng. Ency. of Law, 834.

BROOKS, Judge.—Appellant was convicted of an assault with intent to murder Laura Purdy, his punishment being fixed at five years confinement in the penitentiary.

Appellant filed a motion to quash the indictment because the same does not state any date. The indictment reads, "on or about the 17th day of Aug. in the year of our Lord nineteen hundred and five,"

etc. The specific complaint is to the abbreviation "Aug." for "August." We have held that the use of well understood abbreviations does not render an indictment defective. Malton v. State, 29 Texas Crim. App., 527; Wolfe v. State, 25 Texas Crim. App., 698. Where a witness stated, that the offense was committed in "84," it was held to be equivalent to the statement that it occurred in 1884. Therefore, we hold that the abbreviation "Aug." for August is so well understood that it would not authorize the quashal of the indictment. However, we do not desire to be understood as commending this practice. While it is permissible to use abbreviations, yet the better practice is not to use them in indictments.

The assault with intent to murder was made by appellant upon his wife, and was committed with a razor and knife. During the progress of the trial, the court permitted the wife to detail the assault, which continued over the space of several minutes. While the wife was fleeing, appellant chased her with a razor and knife, and cut her more than once, inflicting serious wounds upon her face and person. Appellant's insistence being that the wife cannot be permitted to testify against the husband. The statute makes an exception in favor of the wife so testifying where the injuries are inflicted upon her person. Nor do we think that there were two separate and distinct assaults. Certainly if appellant had been prosecuted under indictments for two separate and distinct assaults, and convicted under the one, he could plead such conviction as former jeopardy to the other indictment, as held by our decisions. Therefore, it was perfectly legitimate for the court to permit the wife to testify to the various cuts and injuries inflicted upon her in the course of one continuous murderous assault.

The first bill of exceptions shows that the county attorney asked defendant while on the stand, if he had not been charged with assault to murder, arson, theft from the person, burglary, fornication and disturbing the peace; and showed by defendant that he was 31 years of age. After the introduction of this testimony, and while the county attorney was arguing the case to the jury, and in commenting upon defendant's record as a man, stated, that he was steeped in crime for thirty-one years. The court qualifies the bill, by stating, that defendant objected to witness being interrogated as having been charged with misdemeanors, and this objection was sustained by the court; and in the charge, the jury were told that they could not consider the evidence as to defendant having been charged with misdemeanors for any purpose. No charge was asked by appellant instructing the jury to disregard the argument. We do not think the language of the county attorney, in the light of the evidence, was in any sense calculated to injure the rights of the defendant, and it was a legal deduction from the evidence.

Nor do we think the court erred in permitting the officer to testify as to what appellant told him prior to the time he was arrested. The officers went in search of the perpetrator of the crime committed, not

knowing who had committed it. When they saw appellant standing in the hallway with blood on him, greetings were exchanged, and the officer remarked to appellant that it looked like the Mexicans must have gotten the best of him. Whereupon appellant remarked to the officer, "I am the man you are looking for; take me; don't look for any one else. I am the man that cut Laura, and I tried to kill her." At the time this statement was made the record does not show that any arrest had been made.

Nor do we think that the court erred in overruling the application for continuance, since the testimony of the absent witness is not probably true in the light of this record. If the witness had been present and so testified, it would have no material bearing on the criminality of appellant. The fact that prosecutrix was in the habit of carrying a razor would not make less heinous appellant's crime, since he came from Fort Worth to Gainesville, voluntarily sought prosecutrix, ran her down, and inflicted upon her a murderous assault because she would not live with him. There is no error in the record; and the judgment is affirmed.

*Affirmed.*