## GAETANO ANTOSCIA *v.* SUPERIOR COURT.

### DECEMBER 3, 1915.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Criminal Law.   Conviction of Lesser Offence.   Certiorari.   New Trial.*

Defendant was indicted for murder and found guilty of assault.   He admitted' at the trial that during an affray between himself and deceased he inflicted the wound causing death, but claimed that he acted in self-defence.   Defend-- ant took no steps toward filing a motion for a new trial, but filed a motion asking the trial court to discharge him from arrest on the ground that the verdict was illegal.   This motion was denied and defendant was sentenced.· Defendant then requested the court to fix a time within which he might· file a bill of exceptions to the decision of the court denying his motion,· which request was denied, and exception taken.   On certiorari:

*Held,* that under Gen. Laws, 1909, cap. 354, § 24, the verdict was warranted.

*Held,* further, that certiorari would not lie since defendant could have obtained: a review of the cause through motion for new trial.

*Held,* further, that the consideration of a bill of exceptions based on the action· of the trial court in the denial of the motion of defendant, assuming that such· a bill could reach the court in some proper manner, would practically· involve a review of the verdict in the absence of a transcript of the testimony.·

CERTIORARI.   Heard on petition for writ and denied.

VINCENT, J.   This is a petition for a writ of certiorari brought by Gaetano Antoscia against the Superior Court for the counties of Providence and Bristol.   The petitioner was indicted for the murder of one Raffaele Gibalerio, the charge in the indictment being as follows: "That Gaetano Antoscia, of Providence, in said County of Providence, on the second day of November in the year of our Lord one; thousand nine hundred and fourteen, with force and arms,. at Providence, in the aforesaid County of Providence, in. and upon one Raffaele Gibalerio feloniously, wilfully and of his malice aforethought did make an assault, and that, the said Gaetano Antoscia with a certain knife, the said' Raffaele Gibalerio in and upon the left side of the chest then and there feloniously, wilfully and of his malice aforethought did strike, cut, stab, wound and bruise, giving to the said

Raffaele Gibalerio then and there with the knife aforesaid, in and upon the left side of the chest, one mortal wound penetrating the heart, of which said mortal wound the said Raffaele Gibalerio then and there died, and so the jurors aforesaid, upon their oaths aforesaid do say that the said Gaetano Antoscia the said Raffaele Gibalerio in the manner and by the means aforesaid, feloniously, wilfully and of his malice aforethought did kill and murder."

As defendant under the indictment, the petitioner was placed on trial in the Superior Court and was found guilty of assault. He admitted, at the trial, that during an affray between himself and Gibalerio he had made use of a knife and inflicted a wound from which Gibalerio later died, but he claimed that he had acted only in self-defence and was therefore not guilty under the law.

Later the petitioner, as defendant under the indictment, filed a motion in the Superior Court as follows:

"In the above entitled cause the defendant moves that he be discharged from arrest for the following reason:

"That on the 25th day of January, 1915, the said defendant was placed on trial before His Honor, Mr. Justice Brown and a Jury in the Superior Court within and for the counties of Providence and Bristol under an indictment charging him, the said Gaetano Antoscia, with having committed the crime of murder by striking one Raffaele Gibilerio with a knife, causing a wound on the left chest of said Raffaele Gibilerio from which wound the said Raffaele Gibilerio died.

"That the defendant admitted having struck the said Gibilerio with the knife as alleged by the State, but claimed that he was justified in so doing inasmuch as the said assault was made by the said defendant in the act of self-defence.

"That the State alleged and the defendant admitted that the stab wound alleged to have been inflicted by the defendant was the cause of the death of the said Raffaele Gibilerio.

"That said trial proceeded before the said Justice and Jury . . . and that the defendant was found not guilty of murder, but guilty of simple assault.

"Therefore and inasmuch as said verdict of not guilty of murder but guilty of simple assault is illegal and unwarranted in law, your petitioner prays that he be discharged from arrest under and by virtue of said indictment or verdict rendered under said indictment."

This motion was heard by the justice presiding at the trial who subsequently rendered a decision denying and dismissing it. On the day following the decision, the petitioner was brought into court on a capias and sentenced to the Providence County jail for one year and to pay a fine of $500.

The petitioner claims that it was his intention to prosecute a bill of exceptions to this court based upon the decision of the trial judge dismissing his motion; that within seven days after notice of such decision he asked the trial judge to fix a time within which such bill of exceptions might be filed; that upon the denial of such request he duly excepted thereto; and that he further objected to the imposition of any sentence before the expiration of the time within which he could file his bill of exceptions and that objection being overruled he also excepted thereto.

The conclusion of the petitioner is that all of the foregoing proceedings are unjust, illegal and unwarranted for the reasons:

"1st—That said verdict of assault on an indictment charging the said petitioner with murder where the defence is self-defence and where the infliction of the wound which caused the death was admitted by the defendant, that said verdict was illegal, and unwarranted.

"2nd—That when the said verdict was rendered the said defendant was acquitted of any of the charges or offences named in the said complaint upon which he had been placed on trial, and hence any further proceedings on the part of the said Superior Court after the rendition of said verdict was unwarranted and illegal.

"3rd—That said Superior Court was without authority in sentencing the said petitioner inasmuch as he had been

found not guilty of any of the charges enumerated in the indictment.

"4th—That even assuming that the verdict was justifiable and legal under said indictment, the said petitioner still had six more days in which to file an exception and his notice to prosecute his bill of exceptions to the Supreme Court, and hence the Superior Court was without any right or authority to sentence the said petitioner as it did."

The petitioner prays this court to issue its writ of certiorari ordering the Superior Court to certify the record in said cause that it may be presented to this court to the end that so much thereof as may be found to be illegal may be quashed, etc.

The situation may be briefly summarized as follows: The petitioner was indicted in the usual form for murder. At the trial he admitted striking Gibalerio with a knife inflicting a wound from which death ensued, claiming that, in so doing, he acted in self-defence. The jury found the petitioner guilty of an assault. The petitioner took no steps toward filing a motion for a new trial, before the trial judge, but filed a motion asking the trial court to discharge him from arrest under the indictment and the verdict rendered thereunder, on the ground that the verdict of guilty of simple assault was illegal and unwarranted. The petitioner argued in support of that contention that inasmuch as he had admitted the infliction of a wound resulting in death, and claimed justification on the ground of self-defence, the only question for the jury was whether he was guilty or not guilty of murder. That if his act was justified under the charge of murder it was equally potent as a defence against assault and that under these conditions the verdict of the jury amounted to a verdict of acquittal upon the charge of murder, which being the only question which the jury were entitled to consider he became, upon the rendition of such verdict, entitled to his discharge. This motion was denied and dismissed by the trial judge and the petitioner was thereafter sentenced to one year in the Providence County Jail and to pay a fine of $500.

The petitioner then requested the trial court to fix a time within which he might file a bill of exceptions, which request was denied and an exception to such denial was taken.

The argument of the petitioner to the effect that after his admission and his plea of self-defence the only question for the jury was whether or not he was guilty of murder seems somewhat plausible and logical when considered independently of the statute. The statute, however, provides, Section 24, Chapter 354, General Laws of 1909, "Whenever any person is tried upon a complaint or indictment and the court or jury, as the case may be, shall not be satisfied that he is guilty of the whole offence, but shall be satisfied that he is guilty of so much thereof as shall substantially amount to an offence of a lower nature, or that the defendant did not complete the offence charged, but that he was guilty only of an attempt to commit, the same, the court or jury may find him guilty of such lower offence or guilty of an attempt to commit the same, as the case may be, and the court shall proceed to sentence such convict for the offence of which he shall be so found guilty, notwithstanding that such court had not otherwise jurisdiction of such offence."

(1) The jury, in the present case were within the authority of the statute in finding the petitioner guilty of an assault. The petitioner had an opportunity, after the verdict, to file a motion for a new trial, before the trial court, and in case such motion was denied he could have taken an exception and prosecuted his bill of exceptions in this court, but he made no attempt to proceed in that manner. It is not unreasonable to presume that having emerged from a trial for murder with a conviction for an assault and a sentence of one year in jail and a fine of $500, the petitioner might have considered it unwise to make such a motion fearing that by some possibility his efforts in that direction might be crowned with success and that a second jury might take a different view of his defence. The petitioner practically undertakes to step over the motion for a new trial, of which he might have availed himself, and is now asking this court to examine

.and review the findings of the jury, through a writ of certiorari, and to quash the record of the Superior Court.

It seems to be well settled, in jurisdictions where the common-law writ of certiorari prevails, that the writ will not be issued during the existence of another remedy or where the case can be reviewed by appeal, writ of error, motion for a new trial, or other appropriate proceeding. 5 R. C. L. 256.

The case of *Kenney* v. *State*, 5 R. I. 385, was an application to this court for a writ of certiorari. It appeared that the applicant had been arraigned before a justice upon two warrants, in one of which it was charged that he had committed a violent assault with an uplifted axe accompanied by a threat to kill. In the other warrant the charge was of a similar nature, the assault being upon another party. The applicant was adjudged guilty upon both complaints and upon each sentenced to pay a fine of twenty dollars and costs and to give bond in the sum of five hundred dollars to keep the peace. The applicant contended that the sentence did not fit the offences charged, but the court said: "The suggestion that the sentences are erroneous because they are not appropriate to the offences charged in the complaints, supposes, that the assaults were proved to have been made with the aggravating circumstances charged. In support of the convictions we are bound to intend the precise contrary; and, as is possible, that no more of these were proved than would justify the magistrate in fining the prisoner for simple assaults, which, upon such complaints as these, it was quite competent, and in supposable states of the proof, quite proper for him to do."

So in the case before us it is quite possible that the jury after hearing the evidence may have reached the conclusion that while Antoscia was justified, under all the circumstances, in defending himself he used more force than was necessary and for such excess he should be punished for assault.

Besides, it appears in the rescript of the trial court that the jury were charged that it was competent for them if they

saw fit to find the defendant guilty of a lesser offence "or even of a simple assault" and to that portion of the charge the petitioner does not claim to have taken any exception.

The petitioner claims that having excepted to the decision of the trial court denying him a discharge from arrest and also to the refusal of the trial court to fix a time within which he might present a bill of exceptions, covering such decision and refusal, the action of the trial court was erroneous and served to deprive him of his legal rights. The consideration of such a bill of exceptions, assuming that it could, in some proper manner reach this court, would practically involve a review of the verdict of the jury and that in the absence of any transcript of the testimony. If the testimony was before us we could not properly examine and consider it, in this proceeding, with a view to determining whether or not the jury were justified in its estimate thereof and in its conclusions based thereon.

As we have before intimated the difficulties which appear to beset the petitioner arise from his apparent desire to avoid the possible consequences of a motion for a new trial and to obtain relief from his conviction in some other way less hazardous to himself.

It is well settled that the writ of certiorari cannot be invoked when relief may be had through a bill of exceptions or other proceeding. *Warren* v. *Barber,* 82 Atl. 129; *Smith* v. *Town Council, &c.,* 19 R. I. 61; *Buckley* v. *Superior Court,* 29 R. I. 444.

The petition for a writ of certiorari is denied and dismissed.

*Anthony V. Pettine,* for petitioner.

*Claude R. Branch,* Third Assistant Attorney General, for State.