JOHN MACARUSO *vs.* LOUIS H. MASSART.
JOHN MACARUSO *vs.* EDWARD L. MASSART.

APRIL 19, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J.   These actions of trespass on the case for neg-
ligence were brought to recover damages for injuries alleged
to have been sustained by the plaintiff as a result of being
struck by an automobile operated by the defendant Louis
H. Massart and owned by the defendant Edward L. Mas-
sart.   The cases were tried together to a jury in the supe-
rior court, and a verdict was returned for the defendant in
each case.   Thereafter the plaintiff's motion for a new trial
in each case was denied by the trial justice, and in this court
the plaintiff is prosecuting an exception to a portion of the
charge as given and to the denial of his motions for new
trials.

It appears from the uncontradicted testimony of plaintiff
that on the evening of December 11, 1959 he had parked
an automobile operated by him on the easterly side of Cran-
ston street facing in a northerly direction.   According to
his testimony, plaintiff at that time had been examining the
tires of his automobile and while on the sidewalk he had
examined the right front and rear tires.   He then stepped
from the curb into the roadway of Cranston street and,
standing between the rear of his car and the front of a car
parked about eight feet to the south, he examined the left
rear tire of his car.   He then looked to his left, or in a south-
erly direction, along Cranston street and testified that he
could see a distance of about 250 feet and that he saw no
vehicles approaching from that direction.   He testified that
he then stepped from behind his car, turned to his right,
and walked along the roadway to a position beside the left
front wheel.   There, according to his testimony, while ex-
amining the left front tire of his car he was struck by an
automobile operated by defendant Louis H. Massart.   It is

not disputed that defendant father was operating an automobile owned by defendant son in a northerly direction along Cranston street at that time.

We will consider first plaintiff's exception to that portion of the charge wherein the trial justice made a reference to the doctrine of comparative negligence which plaintiff contends was prejudicial and constitutes reversible error. An examination of the transcript discloses that the trial justice did refer to the doctrine of comparative negligence and instructed the jury that that doctrine is not recognized in this jurisdiction. The plaintiff concedes that the trial justice so instructed the jury but argues, as we understand him, that this reference to the doctrine was accompanied by statements relating to the determination by the jury of defendants' negligence on the basis of mathematical percentages, which statements could only have the effect of misleading the jury concerning the burden of proof resting upon plaintiff.

In his charge the trial justice instructed the jury that a defendant's liability to respond in damages for injuries is incurred only where his negligence is established. He correctly instructed the jury that the burden of proof is on the plaintiff and that thereunder he is required to establish by a fair preponderance of the evidence his own freedom from fault, the negligence of the defendant, and the causal relationship between his injury and the defendant's negligence. He then defined negligence in rather broad terms, the substance of which was that negligence is the absence of the ordinary care that would be exercised by a reasonably prudent person in the same or similar circumstances.

The trial justice then made the reference to comparative negligence which plaintiff contends was prejudicial. The reference, in pertinent part, reads: "Now in our law we do not recognize any doctrine of comparative negligence. You cannot say a plaintiff was only twenty-five per cent to blame

and the defendant was seventy-five per cent to blame, or sixty - forty, or any other percentage. We don't recognize any doctrine of comparative negligence. The plaintiff in order to recover in a case of this type, must prove that the defendant was one hundred per cent to blame for the injuries suffered and that the plaintiff himself was not guilty of any negligence, he was in the exercise of due care."

The reference to the doctrine of comparative negligence did not misstate the law and in itself would not make the charge prejudicial. The question presented here is whether the instruction that to prevail plaintiff would have to establish defendants' negligence by showing them to be "one hundred per cent to blame" substantially negatived the correct charge as to plaintiff's burden of proof that the trial judge had given in the prior part of the charge. The trial justice here, in effect, superimposed upon a correct statement as to plaintiff's burden of proof an instruction that plaintiff to recover "must prove that the defendant was one hundred per cent to blame * * *." The plaintiff contends that the second instruction tends to mislead the jury into believing that plaintiff's burden of proof was to establish negligence on defendants' part by more than a fair preponderance of the evidence. Stated otherwise, the question is whether the correct instruction as to plaintiff's burden of proof had been so blunted by the second instruction as to leave this jury with inconsistent, or apparently inconsistent, instructions as to plaintiff's burden of proof on the issue of defendants' negligence.

The defendants argue that the jury was correctly instructed as to the quantum of proof required of plaintiff to sustain the burden of establishing defendants' negligence and that such instruction was not rendered confusing or misleading by a subsequent instruction concerning the inapplicability of another rule of law to the issues raised. Conceding the validity of this contention, it does not, in our opinion, meet the challenge of plaintiff. In the instant

case the trial justice expanded his instruction as to plaintiff's burden of proof in phraseology that differed substantially from the language of the prior instruction and plaintiff queries whether it is not reasonable to conclude that the jury was thereby misled into believing that plaintiff was required to establish defendants' negligence by more than a fair preponderance of the evidence.

A justice of the superior court presiding over a jury trial in that court by statute is required to "instruct the jury in the law relating to the same * * *."  G. L. 1956, §8-2-38. The statute is mandatory and clearly contemplates that juries shall be given correct instructions as to those rules of law that of necessity must be applied to the issues raised at a trial in order to secure to the parties a fair trial.  In *Flint* v. *Nicholson,* 67 R. I. 513, this court said at page 530 that a trial justice in charging a jury must be exceedingly careful "not to deprive either party of a fair trial by either consciously or unconsciously conveying to the jury his impression as to the proper weight to be given to any of the testimony."  It is our opinion that the concept of a fair trial is inclusive also of an obligation on the part of the trial justice to instruct the jury with precision and clarity as to the rules of law applicable to the issues raised at trial.  A fair trial may be denied a party by an instruction that is confusing and misleading as to the law as well as by an instruction that amounts to a comment on the weight of the evidence.  It is our opinion that this obligation to give clear, adequate instructions extends to the burden of proof. *Greenhalch* v. *Barber,* R. I., 104 Atl. 769.

The view that clear and precise instruction as to rules of law pertinent to the issues raised at a trial is obligatory upon the trial justice has been accepted in many jurisdictions.  In *Sears* v. *Birbeck,* 321 Pa. 375, 383, the court said: "It is a primary duty of the trial judge—a duty that must never be ignored—in charging a jury to clarify the issues

so that the jury may comprehend the questions they are to decide. Such clarification is impossible without clear instruction as to the burden of proof * * *." A similar view was taken by the Vermont court in *Wortheim* v. *Brace,* 116 Vt. 9.

We are of the opinion that where a charge leaves a jury with an inconsistent or seemingly inconsistent instruction as to the burden of proof, the party plaintiff may well be prejudiced thereby and this even though the inconsistent instruction may be susceptible of a reconciliation by those who are familiar with the law. It is reasonable to view a charge as inadequate to clarify the burden of proof relating to the issues where it reasonably may mislead or confuse a jury comprised of laymen as to the extent of the burden of proof incumbent upon the plaintiff. The effect of such an instruction upon jurors is well stated in *Se-Ling Hosiery, Inc.* v. *Margulies,* 364 Pa. 45, 50, as follows: "If a trial judge in a civil case instructs the jury that plaintiff 'has the burden of proof' the *defendant* has no cause for complaint, because of what is implicit in that phrase when it stands alone. However, a *plaintiff* would have grounds for complaint because if the jury was not instructed that 'burden of proof' in a civil case meant *only* 'by the fair preponderance of the evidence' the members of the jury might have the idea that the phrase 'burden of proof' meant some higher degree of proof than mere preponderating evidence. Therefore, the omission of the phrase 'by the fair preponderance of the evidence' in the judge's charge in the instant case was something of which the plaintiff could have justly complained, but of which the defendant could not justly complain."

It is our opinion that the inclusion in the charge of an instruction that plaintiff had to prove that defendants were "one hundred per cent to blame" operated to obscure rather than to clarify the precise burden of proof imposed upon plaintiff. Clearly a jury in such circumstances could have

reasonably understood that plaintiff was required to prove defendants' negligence by more than a fair preponderance of the evidence. If an instruction on the burden of proof by reason of its inconsistency or apparent inconsistency with another instruction thereon could reasonably have persuaded the jury that plaintiff had to establish defendants' negligence by more than a fair preponderance, we cannot say that plaintiff was not prejudiced thereby. See *W. C. Viall Dairy, Inc.* v. *Providence Journal Co.*, 79 R. I. 416, 422.

In reviewing an instruction which is alleged to have misled and confused a jury, the reviewing court will not assume that a jury disregarded such portion of the instruction as tended to obscure the correct rule of law and based its verdict upon an understanding that a correct statement of the law had been made in such instruction. It is generally settled that a reviewing court will not presume that a jury rejected an erroneous statement of law in an instruction merely because a correct instruction inclusive of general principles of the law had previously been given therein. *Mullins* v. *Boston & Maine Transportation Co.*, 91 N. H. 402. Pursuing the same reasoning, we reach the conclusion that we will not presume that the jury in the instant case was not misled and confused as to the applicable rule of law merely because a correct statement of the rule was contained in the charge.

We are further persuaded that the instruction concerning the establishment of defendants' fault would tend to confuse the jury because of the obviously inadvertent omission of any instruction relating to plaintiff's right to be in the highway at the time he was struck by defendants' automobile. A pedestrian walking in the highway is there as of right and his duty to exercise reasonable care for his own protection is no greater in degree than the duty of a motorist to use reasonable care to avoid injuring the pedestrian.

Both motorist and pedestrian are under an equal duty to exercise reasonable care for each other in their mutual use of a highway. *Kinoian* v. *Brennan,* 78 R. I. 298, 303.

Here the jury was given no instruction that the plaintiff had a right to be in the highway at the time he was struck. In the absence of such an instruction the phrase "one hundred per cent to blame" as used by the trial justice might well have persuaded the jury that a pedestrian injured by a motorist while walking in the highway must establish the fault of the motorist by more than a fair preponderance of the evidence. This conclusion we find inescapable in the instant circumstances and an instruction that the defendants would have to be shown to be "one hundred per cent to blame" without some appropriate instruction concerning the plaintiff's right to be in the highway would hardly do other than mislead the jury as to the burden of proof incumbent upon the plaintiff. Because we reach this conclusion, it will not be necessary to consider the plaintiff's exception to the denial of his motions for new trials.

The plaintiff's exception in each case to the charge is sustained, and the cases are remitted to the superior court for new trials.

FROST, J., did not participate in the decision.

*John F. McBurney,* for plaintiff.

*Higgins & Slattery, Eugene V. Higgins,* for defendants.