337 A.2d 229.
STATE *vs.* STEPHEN R. MATTATALL.

MAY 7, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

DORIS, J. Stephen R. Mattatall, the defendant, was indicted on two separate indictments, one charging him with the murder of Richard Maluk, the other charging him with assault with a dangerous weapon on Frank B. Ciaramello. The two indictments were consolidated for trial before a Superior Court justice sitting with a jury.

The jury, apparently satisfied that defendant acted in self-defense, returned a verdict of innocent on the indictment charging murder, but found defendant guilty on the indictment charging assault with a dangerous weapon, apparently believing either that the assault was unprovoked or that it at least exceeded whatever provocation was pres-

ent. The defendant has appealed his conviction on the charge of assault with a dangerous weapon to this court, alleging five points of error.

It appears from the record that on the night of May 5, 1971, the deceased, Richard Maluk, and a certain Frank B. Ciaramello went to the Hamlin Street area of the city of Providence, apparently to see the sister of defendant. An altercation ensued between parties not specified but apparently including the central figures here concerned, which was abruptly ended when all those involved fled at the threat of the arrival of the police. Shortly thereafter, Ciaramello returned to the scene of the earlier fight where he then had words with Candace Mattatall, sister of defendant. At this point defendant and Ciaramello engaged in a fight resulting in the stabbing of the latter. There was conflicting testimony as to the events preceding the wounding of Ciaramello and also as to whether Ciaramello was armed. Minutes later a second confrontation occurred, this time between defendant and Richard Maluk, which terminated in the fatal stabbing of the latter. Again there was conflicting testimony as to whether either or both parties were armed.

## I

The defendant's first contention is that the trial justice erred in not allowing defense counsel the opportunity to have the indictments tried separately. In a pretrial conference defendant raised the subject of severance but never filed a formal motion to sever, nor did he place his objection to the joinder of the two indictments on the record until the trial was over and the jury had retired. The defendant argues that since the trial justice had evinced a complete lack of receptivity to such a motion in the pretrial conference, the making of a motion to sever would have been an exercise in futility. The state, however, notes that the trial justice warned defendant's counsel that he had to put his

objection on the record if he wished a ruling on the matter. A motion for severance is not a matter of right but rather is directed to the discretion of the trial justice. *State* v. *Patriarca,* 112 R. I. 14, 308 A.2d 300 (1973).

We have often held that where trial counsel desires an exercise of the trial court's discretion, it is incumbent upon him to invoke such action through the medium of an appropriate motion wherein the purpose thereof is clearly and expressly stated. The record does not indicate that any such motion was made in the instant case, and consequently there is no ruling by the trial justice which would require us to review the question of whether the court abused its discretion in failing to afford defendant separate trials on the indictments. The defendant's argument relating to severance of the indictments is therefore without merit.

## II

The defendant's second contention is that the trial justice erred in allowing the prosecution to introduce evidence concerning the medical records and injuries of Frank Ciaramello before it had established that defendant had caused these injuries. It is well established in this state that the order of proof rests within the discretion of the trial justice. In his discretion he may admit competent evidence at any stage of the trial. *Vigneau* v. *La Salle,* 111 R. I. 179, 300 A.2d 477 (1973); *D'Acchioli* v. *Cairo,* 87 R. I. 345, 141 A.2d 269 (1958); *Furlong* v. *Donhals, Inc.,* 87 R. I. 46, 137 A.2d 734 (1958); *Gillogly* v. *New England Transp. Co.,* 73 R. I. 456, 57 A.2d 411 (1948). This rule is equally applicable in a criminal case. *State* v. *Falcone,* 41 R. I. 399, 103 A. 961 (1918). We will not find an abuse of discretion unless defendant affirmatively shows that the party offering the evidence is guilty of trickery or that substantial prejudice resulted from the order of proof. *See Gillogly* v. *New England Transp. Co., supra* at 463, 57 A.2d at 414. The defendant's mere allegation that his cross-examination of witnesses

offering medical testimony was seriously jeopardized by being done without the benefit of a corpus delicti does not rise to the level of an affirmative showing of prejudice.

## III

The defendant's third assignment of error is that the trial justice erred in not permitting defense counsel to cross-examine witness Ciaramello as to his use of narcotics and alcohol, and also in not permitting the state toxicologist to testify as to the effects of the alcohol and drugs found in the body of the decedent. In *Handy* v. *Geary,* 105 R. I. 419, 252 A.2d 435 (1969), we outlined a voir dire procedure for determining, before evidence of drinking might be presented to the jury, whether there existed a reasonable chance of proving intoxication. This procedure was specifically extended to criminal cases in *State* v. *Amaral,* 109 R. I. 379, 285 A.2d 783 (1972). In the instant case the trial justice followed this procedure and cut off defense counsel's cross-examination of Ciaramello as to his use of alcohol and narcotics only after the justice asked for, but did not receive, assurances that defendant would show intoxication. Under *Handy* and *Amaral,* both *supra,* this clearly does not constitute error.

The defendant's argument that he should be allowed to pursue this line of questioning to test Ciaramello's memory is of equally little merit. It is well established that the permissible scope and extent of cross-examination is largely within the control of the trial justice, and his rulings thereon will only be reviewed for an abuse of discretion. *Feuti* v. *Feuti,* 92 R. I. 219, 167 A.2d 757 (1961); *Mikaelian* v. *Mikaelian,* 86 R. I. 119, 134 A.2d 164 (1957); *Morrison* v. *Bitting,* 60 R. I. 325, 198 A. 355 (1938). As stated in *Handy,* evidence regarding consumption of intoxicants is potentially very prejudicial. Moreover, defendant does not allege that this line of questioning is the only one which would adequately test Ciaramello's memory. In these circumstances

the trial justice's decision to terminate defense counsel's cross-examination in this area does not constitute an abuse of discretion.

The defendant attempts to argue that the excluded evidence of the state toxicologist as to the presence of alcohol and narcotics in the body of the deceased would have allowed the jury to draw the inference that Ciaramello had been using intoxicants as well. It is the clear policy of this court to keep evidence of the use of intoxicants from a jury unless this evidence is such that reasonable minds might differ as to whether the individual was intoxicated. *Handy* v. *Geary, supra.* The inference suggested by defendant is far too tenuous to meet this standard, and therefore the trial justice did not abuse his discretion in excluding the testimony of the state toxicologist.

## IV

The defendant next contends that the trial justice erred in allowing Frank Ciaramello to claim his fifth amendment right against self-incrimination in the middle of his voir dire examination. During defendant's cross-examination of the witness Ciaramello on the subject of intoxication, the trial justice interrupted defense counsel to warn the witness of possible self-incrimination. After consultation with an attorney, the witness claimed his fifth amendment privilege. We see nothing improper in this procedure, as a trial justice may, but need not, inform a witness of his fifth amendment rights. *See State* v. *Williams,* 59 N. J. 493, 284 A.2d 172 (1971); *Commonwealth* v. *Jennings,* 225 Pa. Super. 489, 311 A.2d 720 (1973); 98 C.J.S. *Witnesses* §449 (1957).

## V

The defendant's final contention is that the trial justice erred in not giving an adequate instruction as to the defense of self-defense to the charge of assault with a dangerous weapon. The record indicates that the trial justice gave an

instruction on the elements of assault with a dangerous weapon, followed by an instruction on the elements of murder, and finally an instruction on self-defense. The instructions ended with the following language:

"* * * if you're satisfied that the defendant has proved by a fair preponderance of the evidence that he acted in self-defense in the Frank Ciaramello assault or the Richard Maluk killing, it is your duty to say not guilty. On the other hand, if you're not satisfied that self-defense has been established here as to the Maluk killing, it is your duty to say guilty of either murder one, murder two, or manslaughter, depending on how you view the evidence. And the same with the Ciaramello case."

It thus appears that while the trial justice did not give a separate and distinct instruction on self-defense for each of the two charges, he did treat the two indictments in parallel fashion and did not merge them for purposes of the self-defense instruction. This does not constitute prejudicial error.

The defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court for further proceedings.

*Julius C. Michaelson,* Attorney General, *Judith Romney Wegner,* Special Asst. Attorney General, for plaintiff.

*Alton W. Wiley,* for defendant.