358 A.2d 35.

STATE *vs.* DOMENIC J. MILAZZO.

MAY 28, 1976.

PRESENT: Bevilacqua, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C. J. This is an indictment charging the defendant, Domenic J. Milazzo, with assault with a dangerous weapon in violation of G. L. 1956 (1969 Reenactment) §11-5-2. The defendant was tried before a jury in the Superior Court and he was found guilty. The trial justice sentenced the defendant to a term of 1 year, sentence suspended, and imposed probation for a term of 3 years. The defendant is here on appeal from the judgment of conviction entered in the Superior Court on April 11, 1975.

The record discloses that at about 9:30 p.m. on June 1, 1972, defendant drove his car to a resident cottage of the Rhode Island Children's Center in Providence. At that time the resident children were in bed in the cottage's east and west wings. In the office between the two wings were three adults: the cottage's senior house parent, Robert Lemoi; another house parent, the Reverend George Bruce; and defendant's wife, Debby Milazzo, who was employed elsewhere at the Rhode Island Children's Center and who was not on duty at the time. The front entrance to the office from outdoors consisted of an outer wooden door and an inner screen door. When defendant arrived at the cottage, the wooden door was open and the screen doors was closed and locked. As he approached the front entrance defendant saw through the screen door that his wife was sitting with Mr. Lemoi on a two-seater and that

Mr. Lemoi had his arm around Mrs. Milazzo. The defendant hit the screen door with his fist and demanded that Mr. Lemoi get his hands off Mrs. Milazzo. The defendant then returned to his car and took a loaded shotgun from the trunk. Mrs. Milazzo left the cottage and pleaded with her husband. Shortly thereafter as Reverend Bruce was pulling in the wooden door, the shotgun discharged. Another shot was fired after the door was fully closed. Later examination of the door revealed a series of small holes on the lower part. Within minutes of the shots the police arrived and defendant led them to the shotgun, which he had put back in the trunk of his car. The police took defendant into custody and quickly found two ejected shotgun shells about 50 to 75 feet from the front entrance to the cottage.

The defendant's major contention in this appeal is that the trial justice committed reversible error in overruling defendant's objection to the charge to the jury regarding the elements of the alleged offense. The defendant objected on the ground that the trial justice did not instruct the jury that an element of the crime of assault with a dangerous weapon is "* * * that the victim must be at a point within which the harm could be inflicted." The defendant argues that the jury reasonably could have found that this element was not proved by the state, since the testimony does not clearly indicate where Mr. Lemoi was at the time of the shooting. Hence, defendant concludes, the trial justice's omission was materially prejudicial to defendant. We agree.

In his instructions to the jury the trial justice quoted the following language from our recent case of *State* v. *Boudreau,* 113 R. I. 497, 501, 322 A.2d 626, 628 (1974):

> "The guilt or innocence of a person charged with assault depends entirely upon what the wrongdoer does and intends and not at all upon what the other apprehends, or does not apprehend."

The trial justice then commented:

> "I say this particularly, because there was testimony to the effect that the Reverend Mr. Bruce, who was a witness, said that he found LaMois [*sic*] after it was all over hiding under the bed. *Now this has nothing to do with the guilt or innocence of the defendant,* except as you may find whether or not it put fear into the heart of the victim." (Emphasis added.)

Nowhere in his charge did the trial justice indicate that it is an element of the offense of assault with a dangerous weapon that defendant must have had the ability at the time of the assault to inflict harm on the victim by means of the dangerous weapon. If this requirement is indeed an element of the offense, then clearly the trial justice was mistaken in stating that Mr. Lemoi's location at the time of the assault "has nothing to do with the guilt or innocence of the defendant."

This court has long held the view that "[t]o constitute an assault with a dangerous weapon it is necessary that the weapon should be presented at the party intended to be assaulted, within the distance at which it may do execution." *State* v. *Baker,* 20 R. I. 275, 278, 38 A. 653, 654 (1897); *accord, State* v. *Barella,* 73 R. I. 367, 375, 56 A.2d 185, 188-89 (1947); *State* v. *Hunt,* 25 R. I. 69, 54 A. 773 (1903). We believe that the *Baker* requirement, commonly known as the actual present ability rule, has survived the holding and language of *Boudreau.* The outcome of *Boudreau* turned on our holding that apprehension by the victim of the impending harm is not a necessary element of the crime of assault with a dangerous weapon. *State* v. *Boudreau, supra* at 499-502, 322 A.2d at 627-29. We did not consider the question of whether actual present ability to inflict harm was necessary to sustain the conviction. Thus the statement quoted by the trial justice was made in the context of and refers only to

the issue of apprehension of harm. We therefore hold that the ability of the defendant at the time of the assault to inflict harm on the victim by means of a dangerous weapon is still an element of the offense of assault with a dangerous weapon.[1]

It follows that the trial justice was obligated to instruct the jury on this element of the alleged offense. This duty flows from §8-2-38, which says in part: "In every case, civil and criminal, tried in the superior court with a jury, the justice presiding shall instruct the jury in the law relating to the same * * *." This statute is mandatory and clearly contemplates that juries shall be given correct instructions as to those rules of law that of necessity must be applied to the issues raised at a trial in order for the parties to secure a fair trial. *Macaruso* v. *Massart,* 96 R. I. 168, 172, 190 A.2d 14, 16-17 (1963). The failure of defendant in the instant case to request a prepared instruction on this issue prior to the charge does not excuse the

---

[1]This element, actual present ability, differs from apparent present ability, which is the reasonable belief of the defendant or the victim at the time of the assault that the defendant had the actual present ability to inflict harm on the victim by means of a dangerous weapon. The prevailing view holds that proof of either actual present ability or apparent present ability is sufficient to sustain a conviction for simple assault. Perkins, *Criminal Law* 121 (2d ed. 1969); 1 Wharton, *Criminal Law and Procedure* §336 at 682-84 (Anderson ed. 1957). But for assault with a dangerous weapon, actual present ability is necessary in most jurisdictions. Perkins, *supra* at 578; 1 Wharton, *supra,* §361 at 720. However, the highest court of at least one jurisdiction has expressly extended the apparent present ability rule from simple assault to assault with a dangerous weapon. *Commonwealth* v. *Henson,* 357 Mass. 686, 259 N.E.2d 769 (1970); *see* 79 A.L.R.2d 1420-21 (1961).

This court has approved the apparent present ability rule for simple assault. *State* v. *Baker,* 20 R. I. 275, 277-78, 38 A. 653, 654 (1897); *accord, Gonsalves* v. *Devine,* 110 R. I. 515, 518-19 n.3, 294 A.2d 206, 208 n.3 (1972). We have not yet decided whether to extend this rule to assault with a dangerous weapon. Since this novel issue was not raised in the instant case and is not necessary to this decision, we expressly reserve consideration of it.

trial justice from this obligation, so long as defendant objected to the failure to so charge. *State* v. *Goff,* 107 R. I. 331, 335-36, 267 A.2d 686, 688 (1970).

Thus, since actual present ability to inflict harm is indeed an element of the crime of assault with a dangerous weapon, this court must review the evidence on that factual question and sustain defendant's appeal if the evidence is reasonably sufficient. *State* v. *Butler,* 107 R. I. 489, 491, 268 A.2d 433, 434 (1970).

The indictment names only Robert Lemoi as the victim. Neither Mr. Lemoi nor any eyewitness to his actions at the time of the shooting testified at the trial. The best indication of his whereabouts comes from the testimony of Reverend Bruce. According to Reverend Bruce, after defendant first approached the cottage Mr. Lemoi did not leave by the front door. The only other door to the outside was locked and Mr. Bruce had the key. After the first shot, Reverend Bruce noticed that Mr. Lemoi had left the office. Twenty or thirty minutes after the shooting, after defendant had left the scene in a police car, Reverend Bruce found Mr. Lemoi under a bed in the last room down the cottage's west wing corridor. The defendant claimed that Mr. Lemoi emerged from the cottage before the police drove away. The location of the ejected shotgun shells was estimated by the police to be 75 feet from the front door of the cottage, while defendant testified that the distance was about 50 feet. According to defendant, the shotgun discharged accidentally as he was struggling with his wife. Neither Mrs. Milazzo nor any other eyewitness to the shooting itself, save defendant, testified at the trial.

In view of the evidence in this case the trial justice should have charged the jury on the element of actual present ability to inflict harm. We therefore hold that the trial justice's failure to charge the jury on this element

was materially prejudicial to defendant and constitutes reversible error.

In view of this holding it is not necessary to discuss the defendant's other contentions, which also involve alleged errors in the trial justice's charge to the jury.

The defendant's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

*Julius C. Michaelson*, Attorney General, *Alan R. Tate*, Special Asst. Attorney General, for plaintiff.

*Bucci & O'Neill, Robert A. Shuman*, for defendant.