STATE

v.

Richard CIPRIANO.

No. 79–80–C.A.

Supreme Court of Rhode Island.

June 16, 1981.
Reargument Denied July 30, 1981.

Dennis J. Roberts, II, Atty. Gen., C. Daniel Schrock, Sp. Asst. Atty. Gen., for plaintiff.

John A. MacFadyen, III, Asst. Public Defender, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an indictment charging the defendant with murder and kidnapping of one John Granata in violation of G.L.1956 (1969 Reenactment) §§ 11–23–1 and 11–26–1, respectively. The defendant was tried before a jury in the Superior Court and he was found guilty of assault with a dangerous weapon. The defendant is here on appeal from the judgment of conviction entered in the Superior Court on September 14, 1978.

The record discloses that on November 6, 1975, defendant was engaged in an early-morning card game with a number of persons including John Granata, the victim. The testimony about what took place is conflicting. The defendant testified that he accused the victim of cheating and challenged him to show his cards. Instead of complying, the victim attempted to bury his cards in the deck. Words were exchanged, and defendant knocked a cigar out of the victim's mouth. The defendant further testified that the victim then pushed over the card table and began throwing punches. The defendant was struck and found himself on the floor dazed and bleeding from the face. The victim then struck defendant with a folding chair, whereupon defendant shot at the victim's legs. The victim, having been struck in the left knee and ankle, then fell. Both men lay stunned on the floor. The defendant then testified that he stood up, but while he was heading for the door, weapon in hand, he was grabbed by the back of the head and swung around. He contends that this action caused his gun accidentally to discharge a third and fatal bullet into the victim's left hip region. The defendant admitted subsequently removing the body and burying it, and then fleeing to California.

Fisher, a witness, testified to the following chain of events. The defendant accused the victim of cheating and struck him in the face. The victim then pushed his chips to the middle of the table, looked at Fisher, and said, "Let's go." At this point, defendant struck the victim in the face again and they began to fight. The defendant was knocked to the ground but rose to his feet. At this time the victim, upon seeing that defendant was armed with a gun, struck him with a folding chair. The defendant fell to the floor but again rose to his feet, gun in hand. The victim backed off with his hands up, saying, "Don't shoot." The defendant shot him in the leg. At this point, the witness fled. The record further discloses that the victim's hand still held strands of defendant's hair.

Following the close of all the evidence, the prosecution, the defense, and the trial justice mutually agreed that the jury should be instructed that they could find defendant guilty of assault with a dangerous weapon, this being a lesser included offense of the charge of murder.[1]

The issues on appeal are two-fold: (1) whether the trial justice had the jurisdiction to enter a judgment of conviction on the charge of assault with a dangerous weapon in the absence of such a charge in the indictment and (2) whether the trial justice properly instructed the jury about those circumstances and that conduct that would legally excuse or justify the homicide.

## I

The defendant essentially argues that notwithstanding the agreement by all parties regarding instructions to the jury on the charge of assault with a dangerous weapon, the court lacked jurisdiction over the charge because no formal accusation had been presented either by indictment or information.

---

1. The defendant submitted a stipulation purporting to disclose the reasons behind the trial justice's decision to charge assault with a dangerous weapon. However, he has failed to comply with the procedural requirements of Sup.Ct.R. 10(e). He did not initially submit this stipulation to the trial court for certification and transmittal. The stipulation is not part of the record before us, and we shall not consider it.

The defendant bases this argument on the premise that assault with a dangerous weapon is not a lesser included offense of the greater charge of murder. He contends that, even though charges may be amended in accordance with procedures outlined in Super.R.Crim.P. 7(e), in the instant case the rule permitting amendments is not applicable because it specifically prohibits a change that would effectively charge a new offense.

■■■■■ It is well settled that a prosecution for a crime must be preceded by a formal accusation. 2 Wharton *Criminal Procedure* § 225 at 6 (12 ed. 1975). This formal accusation of a felony must be by way of indictment by a grand jury or by information of the Attorney General. R.I. Const., Art. XL; *see also State v. Walsh*, 113 R.I. 118, 318 A.2d 463 (1974).

The formal accusation "serves to inform the accused of the nature of the offense with which he is charged so that he can make an adequate defense as well as be able to avail himself of the conviction or the acquittal so that he can avoid the threat of double jeopardy." *Id.* at 122, 318 A.2d at 465–66; *accord, State v. Smith*, 56 R.I. 168, 184 A. 494 (1936).

General Laws 1956 (1969 Reenactment) § 12–17–14, as amended by P.L.1974, ch. 118, § 13, provides that when an indictment or information or complaint charges a person with an offense that includes another lesser offense, he may be found guilty of such lower offense.[2] *State v. Sundel*, R.I., 402 A.2d 585 (1979); *State v. Walsh*, 113 R.I. at 122–23, 318 A.2d at 466. It follows "[a]s a result, defendant is charged with the knowledge that an accusation of the greater crime carries with it the charge that he has committed all the necessarily included offenses that are part of the greater crime." *State v. Sundel*, R.I., 402 A.2d at 590. We therefore determined that it is not essential that the averments of an indictment or information describing the manner in which the greater offense was alleged to have been committed must contain averments of the essential element of a lesser offense. *State v. Raposa*, 100 R.I. 516, 217 A.2d 469 (1966).

The first count of the indictment before us charged defendant with the "murder [of] John Granata in violation of § 11–23–1 of the G.L. R.I., 1956, as amended (Reenactment 1969)." General Laws 1956 (1969 Reenactment) § 11–23–1, as amended by P.L. 1974, ch. 118, § 5, specifically allows a jury to "find the defendant guilty of a lesser offense than that charged in the indictment or information, in accordance with the provisions of § 12–17–14." General Laws 1956 (1969 Reenactment) § 12–17–14 in turn confers jurisdiction upon a court to sentence a defendant found guilty of a lower offense, "notwithstanding that such court had not otherwise jurisdiction of such offense."

In *State v. Casasanta*, 29 R.I. 587, 73 A. 312 (1909), we had occasion to review a nearly identical predecessor to § 12–17–14.[3] In *Casasanta* we noted that in certain homicides there may be a graduation of offenses. We made specific reference to assault with a dangerous weapon as a possible lower offense to homicide. *Id.* at 598, 73 A. at 317.

The United States Supreme Court, in reference to the charging of a lesser included offense, stated:

"[T]he lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disput-

**2.** As indicated in *State v. Sundel*, R.I., 402 A.2d 585, 590 n.3 (1979), this statute has been incorporated in Rule 31 of the Superior Court Rules of Criminal Procedure.

**3.** In *State v. Casasanta*, 29 R.I. 587, 597, 73 A. 312, 317 (1909), we quoted G.L., cap. 285, § 24, as amended by C.P.A. § 1185. The current version of this statute, G.L. 1956 (1969 Reen-actment) § 12–17–14, as amended by P.L. 1974, ch. 118, § 3, differs from the original in that the word "information" was inserted to allow for conviction of a lower offense to that charged by "indictment, *information*, or complaint * *." And, the word "convict" was replaced by the word "person." For the purposes of this action, these changes are insignificant.

ed factual element which is not required for conviction of the lesser-included offense." [citations omitted] *Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882, 888 (1965).

In *Antoscia v. Superior Court*, 38 R.I. 332, 95 A. 848 (1915), we upheld a verdict of assault on an indictment charging the petitioner with murder. Upon review, we determined that a jury could find the petitioner guilty of an assault even though such a charge was not made in the indictment. *Id.* at 336, 95 A. at 851. Likewise, in *State v. Raposa*, we held "that to charge one with assault with intent to murder is to charge by necessary implication that the assault was *or could have been* committed through the use of some instrument or device capable of causing death or substantial bodily injury." (Emphasis added.) *State v. Raposa*, 100 R.I. at 519, 217 A.2d at 471.

■ In the present case we are of the opinion that defendant had notice under G.L. 1956 (1969 Reenactment) §§ 11–23–1 and 12–17–14 that the jury could find him guilty of a lesser offense to murder. In the review of the facts of this case, a conviction of assault with a dangerous weapon was possible. Here, the charge of assault with a dangerous weapon was included within, but not congruent with the murder charge. The state had the additional burden of proving that death resulted from the assault with a dangerous weapon.[4]

Additionally, defendant requested that the jury be instructed on the lesser offense of assault with a dangerous weapon. In effect, he requested an amendment of the indictment to charge the lesser offense of assault with a dangerous weapon. The defendant's request was permissible under Super.R.Crim.P. 7(e), and that rule was fully complied with.[5]

■ In light of the factual posture of this case, of defendant's request for an instruction of assault with a dangerous weapon, of his lack of objection to this instruction, and of his full compliance with Super.R.Crim.P. 7(e), we hold that the Superior Court had jurisdiction to enter a judgment of conviction and to impose a sentence on the charge of assault with a dangerous weapon.

## II

The defendant contends that the trial justice did not inform the jury about the circumstances under which he had a right to defend himself. He submits that the trial justice's comments were not a complete and proper instruction on self-defense and that they were never applied to the offense of assault with a dangerous weapon.

The record indicates that the trial justice gave an instruction that was proper on the issue of self-defense.

■ We do not dispute that G.L. 1956 (1969 Reenactment) § 8–2–38 requires the trial court to instruct the jury on the law regarding the issues raised by the evidence in a case, whether criminal or civil, in order to ensure a person's constitutional right to a fair trial. *State v. Milazzo*, 116 R.I. 443, 358 A.2d 35 (1976). Indeed, "it is almost universally held that where there is evidence in support of any defense offered by an accused, * * * the court should present the

---

4. We disagree with defendant's approach of distinguishing the individual bullets fired into Mr. Granata. A person who inflicts more than one wound on the person assaulted by him is not subject to a charge of committing several assaults, but only a single assault. *Purdy v. State*, 50 Tex.Crim. 318, 319, 97 S.W. 480, 480 (1906). Here a single assault (the firing of three bullets into Granata) resulted in Granata's death and gave rise to the murder charge.

5. Rule 7(e) of Super.R.Crim.P. provides:
   "The indictment, information and complaint.—
   "* * *

"(e) Amendment of Indictment, Information, or Complaint. At any time prior to verdict or finding, the court may with the consent of the defendant permit the indictment to be amended to correct an error in form or the description of the offense intended to be charged or *to charge a lesser included offense.* The court may permit an information or a complaint to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of defendant are not prejudiced." (Emphasis added.)

issue by an affirmative instruction which fully and fairly declares the law applicable thereto." *State v. Butler*, 107 R.I. 489, 491, 268 A.2d 433, 434 (1970). The rules of law applicable to the issues at trial are obligatory upon the trial justice, and they must be given in clear and precise language. *Macaruso v. Massart*, 96 R.I. 168, 190 A.2d 14 (1963).

■ In deciding whether the jury instructions met the standard of due process, we must review them in the context of the entire charge to determine whether the legal principles were properly delineated by the trial justice. *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); *State v. Caron*, R.I., 423 A.2d 823 (1980); *State v. Baker*, R.I., 417 A.2d 906 (1980). In compliance with this legal principle, we find that the record indicates that the trial justice gave clear and adequate instructions. He stated the following in the course of those instructions:

> "[that it is] the State's burden and the State's burden alone to prove this case beyond a reasonable doubt. * * * For you to be persuaded that John Granata was killed unlawfully, the State must prove that there was no lawful justification or excuse for the killing. For example, that the defendant was not defending himself from some reasonable provocation by the victim.

Later, in the course of supplemental instructions on count 1, the trial justice again explained that defendant's actions could be justified or excused in terms of either self-defense or accident:

> "Generally, a killing is legally justified or excused when a person kills in self-defense, upon reasonable provocation. And the State must prove to you that this killing was unlawful in that, if you find that the defendant killed Mr. Granata, he did not do so in self defense, after Mr. Granata reasonably provoked him.
>
> " * * *
>
> "[B]efore that person can be found guilty of murder in this state, the State

must prove beyond a reasonable doubt that he intended to kill. For example, if you find from the evidence in this case that the shooting of Mr. Granata was accidental, you can't convict Mr. Cipriano because there's no intent to kill when a person is killed accidentally."

"[W]hether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instructions." *State v. Baker*, R.I., 417 A.2d at 910 (*quoting Sandstrom v. Montana*, 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39, 45 (1979)).

■ In passing on the sufficiency of a trial justice's instruction, we determine how a jury composed of ordinarily intelligent persons listening to that instruction at the close of a trial would have appreciated the instructions as a whole. We assume that the actual jurors in the case before us would have similarly understood the charge. *State v. Robalewski*, R.I., 418 A.2d 817, 821 (1980); *State v. Carillo*, 113 R.I. 32, 41, 317 A.2d 449, 455 (1974); *State v. Reid*, 101 R.I. 363, 366, 223 A.2d 444, 446 (1966).

■ As we analyze and consider the charge as a whole, we do not believe that a reasonable juror could have misconstrued the instructions on self-defense and accidental homicide. The trial justice, in his instruction, clearly set forth the circumstances in which a homicide is legally justified or excused. Further, the above self-defense and accident charges are individually and immediately prefaced with language that indicates that the state must prove all of the elements of a charged crime. The close proximity of the state's burden-language to the self-defense and accident charges effectively neutralized any potential burden-shifting effect that these charges, standing alone, might have had on the jury.[6] We therefore are satisfied that the instructions regarding self-defense and accident were fair, complete, and presented to the jury in a manner consistent with defendant's constitutional rights.

---

**6.** *State v. Blood*, 70 R.I. 85, 37 A.2d 452 (1944).

■ In response to defendant's argument that the instructions of self-defense were not applicable to the offense of assault with a dangerous weapon, we note that this offense was presented as a lesser included offense to murder under count 1 of the indictment. In charging the jury on count 1, the trial justice stated:

"[Y]ou may not find the defendant guilty * * * unless the State proves each of the following elements beyond a reasonable doubt:

" * * *

"[i]f you find that the defendant murdered John Granata and that the element of premeditation and deliberation has been proved to have existed for more than a barely appreciable length of time or existed for more than a moment, the State will have proved first degree murder. If you find that the defendant murdered John Granata and that the element of premeditation and deliberation has proved to be instantaneous or of momentary existence, the State will have proved murder in the second degree. If you find that the State has failed to prove that the defendant murdered John Granata, you must return a verdict of not guilty of murder.

"In the event that the jury concludes that the State has failed to prove either degree of murder, beyond a reasonable doubt, you will give consideration to whether the State has proved the defendant guilty of assault with a dangerous weapon.

" * * *

"[I]f you conclude that there has been no sustaining of the burden of proof so far as Count 1 is concerned, charging the defendant with murder, you will consider whether there has been an assault with a dangerous weapon. If the State has failed to prove an assault with a dangerous weapon, of course then on Count 1 you will return a verdict of not guilty."

The trial justice then gave instructions on self-defense and accident.

The jury received clear instructions indicating that defendant had to be found not guilty of the count 1 charges if the state failed to establish its burden in regard to the claims of self-defense and accident. They were aware that the assault-with-a-dangerous-weapon charge was a lesser-included offense under count 1 and that the state had to refute the above claims beyond a reasonable doubt before they could find defendant guilty of this charge.

In light of the above, it was unnecessary for the trial justice to give separate and distinct self-defense instructions for each charge. *State v. Mattatall,* 114 R.I. 568, 337 A.2d 229 (1975).[7]

The defendant's appeal is denied and dismissed, and the judgment of conviction is affirmed.

SHEA, J., did not participate.

---

7. In *State v. Mattatall,* 114 R.I. 568, 337 A.2d 229 (1975), a defendant was charged with the murder of one person and assault with a dangerous weapon upon another. He was convicted on the assault-with-a-dangerous-weapon charge. The trial court first instructed the jury on the elements of assault with a dangerous weapon and then on the elements of murder. Finally, a general self-defense instruction was given rather than separate and distinct instructions on self-defense for each of the two charges. We upheld the above instructions and indicated that it was unnecessary for the trial justice to give a separate and distinct instruction on self-defense for each of the two charges. In the present case, where both offenses arose from the same factual context, the possibility of jury confusion was further diminished.